### GEORGE A. SPOFFORD *vs.* LUCIAN D. HARLOW.

The driver of a team which is on the left side of a street in violation of the law of the road may nevertheless maintain an action for an injury sustained by him from a collision with another team, the driver of which in meeting him carelessly and recklessly runs into him.

This court cannot say on a bill of exceptions that riding on the fender or outside platform of an omnibus sleigh, in the streets of Boston, is such a want of ordinary care as to prevent a recovery for an injury sustained from a collision with another sleigh.

Tort to recover damages for an injury sustained in a collision between two omnibus sleighs, while meeting each other in Washington Street, in Boston.

At the trial in the superior court, it appeared that the plaintiff was the taker of fares in a large, open four-horse sleigh, belonging to the line of the Metropolitan Railroad Company; and, at the time of the collision, he was standing alone upon the fender, which is on the outside and runs the whole length of each side of the sleigh just above the runners. The inside of the sleigh was not full, and if the plaintiff had not been on the outside he would not have been injured. The other sleigh was one of the Citizens' Line of omnibuses, owned by the defendant, and, while the plaintiff's sleigh was on the left side of the street, having gone there, as was contended, for the purpose of avoiding a horse-car which was coming, met the same and ran into it, hitting the plaintiff, knocking him off, and breaking his leg. It was in dispute whether the plaintiff's sleigh was necessarily upon the left side of the street.

*Allen,* C. J. instructed the jury that the plaintiff was bound to keep to the right if he could; but if he could not, he had a right to cross over to the left; that if he went unnecessarily to the left, it was in violation of the law of the road, and he would be liable to the statute penalty; that the plaintiff could not recover unless he and his driver were in the exercise of ordinary care, or if their fault contributed at all to the accident; but that the plaintiff's team might be wrongfully on the left side of the street, so as to subject him to the statute penalty, and yet not necessarily prevent him from recovering in this action; that no one, on that account, would have a right recklessly and wantonly to run into him; and that if the defendant's driver at such a time carelessly and recklessly ran into and injured him, the defendant would be liable, although the plaintiff or his driver was so in violation of the law of the road as to be subject to the penalty.

The defendant asked the court to rule that the plaintiff was not in the exercise of ordinary care, because riding on the fender; but the judge left that as a question of fact for the jury.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney,* for the defendant, cited Gen. Sts. c. 77, § 1; *Fales* v. *Dearborn,* 1 Pick. 345; *Cloon* v. *Gerry,* 13 Gray, 201; *Short* v. *Woodward,* Ib. 86; *Haring* v. *New York & Erie Railroad,* 13 Barb. 9; *Trow* v. *Vermont Central Railroad,* 24 Verm. 487.

*W. L. Burt,* for the plaintiff, cited *Lucas* v. *Taunton & New Bedford Railroad,* 6 Gray, 64; *Parker* v. *Adams,* 12 Met. 415; *Lane* v. *Crombie,* 12 Pick. 177; *Smith* v. *Smith,* 2 Pick. 621; *Bridge* v. *Grand Junction Railway,* 3 M. & W. 248; *Thorogood* v. *Bryan,* 8 C. B. 115; *Clayards* v. *Dethick,* 12 Q. B. 439; *Butterfield* v. *Forrester,* 11 East, 60; *Pluckwell* v. *Wilson,* 5 C. & P. 375; *Boss* v. *Litton,* Ib. 407; *Williams* v. *Holland,* 6 C. & P. 23.

CHAPMAN, J. At the trial there was evidence tending to show that the plaintiff was, at the time of the collision, in violation of the statute which provides that when persons meet each other on a bridge or road, travelling with carriages, sleighs or other vehicles, each person shall seasonably drive his carriage or other vehicle to the right of the middle of the travelled path of such bridge or road, so that their respective carriages or other vehicles may pass each other without interference. The penalty imposed for the offence is $20. And the offending party is declared to be liable for all damages that any party may sustain by reason of the offence. Gen. Sts. c. 77.

The substance of the ruling was that, if the defendant's driver carelessly and recklessly ran into and injured the plaintiff, the defendant would be liable, notwithstanding the plaintiff was at the time travelling on the left side of the road in violation of this statute; provided the plaintiff and his driver were in the exercise of ordinary care at the time, and if their fault did not contribute at all to the accident.

This ruling was correct; for though the plaintiff was at the time acting in violation of the law, and exposing himself to a penalty for the act, he was not under the necessity of proving it in order to maintain his action. Therefore this case is not of

the same class with *Gregg* v. *Wyman,* 4 Cush. 322, and *Way* v. *Foster,* 1 Allen, 408, and other similar cases, where the plaintiff must derive his title to maintain the action from his own breach of the law. But it belongs to the same class with *Welch* v. *Wesson,* 6 Gray, 505, where, though the plaintiff is violating the law, his title to the action is independent of his unlawful act. A party may be acting in violation of some particular statute, and still be under the general protection of the law. A third person has no right, merely because he is thus in fault, to run into him and injure him carelessly and recklessly. See also *Boardman* v. *Merrimack Ins. Co.* 8 Cush. 586.

It appeared that the plaintiff was riding on the outside rail or fender of his sleigh at the time of the collision ; and the court left it to the jury to find as a question of fact, upon the evidence, whether he was in the exercise of ordinary care in riding thus. The defendant's counsel excepts to this ruling as erroneous, and contends that the court should have decided as a matter of law that he was guilty of negligence. The ruling followed the case of *Bigelow* v. *Rutland,* 4 Cush. 247, and the court see no reason to doubt its correctness. It is true that where there is no contradictory evidence, and where the facts so fully appear that no inferences of fact remain to be drawn from the evidence, the question of ordinary care becomes a question of law. But this is not such a case. It is said in argument that the omnibus sleighs used in Boston are so constructed that not only the taker of fares but passengers may safely ride outside upon the fender ; and that it is customary thus to ride. But of the structure of the sleigh, the custom of passengers, and the exact position of the plaintiff on the fender, the court cannot take judicial notice ; and whether the plaintiff used ordinary care appears to have been a question of fact to be determined by inferences to be drawn by the jury from th circumstances proved. *Exceptions overruled*