MICHAEL H. CONNOLLY, an Infant, by Guardian, etc., Respondent, *v.* THE KNICKERBOCKER ICE COMPANY, Appellant.

The fact that a passenger on a street car stands upon the outer platform when there is opportunity to take a seat in the car, while it will ordinarily constitute a defense in an action against the railroad company, it is not a defense in an action against another party to recover damages for negligence causing injury to the passenger.

The fact that a minor child was upon the platform of a street car in violation of a municipal ordinance, while it may be proved and is proper for the consideration of the jury in an action for negligence, does not necessarily establish negligence.

In an action to recover damages for alleged negligence causing injury to plaintiff, a child seven years old, it appeared that at the request of the conductor of a street car plaintiff turned a switch to permit the car to turn onto another street and got upon the side platform of the car with a view of getting a penny from the conductor. As the car was on the curve turning onto the other street one of defendant's wagons, which was being driven at a rapid rate, struck the end of the car causing the injury complained of. Plaintiff did not see the wagon before the collision nor look to seek if any wagon was coming. Defendant's evidence tended to show that, had the car kept straight on there would have been no collision, but that in turning, the rear end swung out into the line of the wagon wheels and that the driver of the wagon was not aware of the intention to turn the car into the other street until it was too late to avoid the collision. There was evidence, however, tending to show and justifying a finding that when the movement to turn the car was first made defendant's driver, in the exercise of reasonable care, could have slackened the speed of the wagon, and by doing so the collision would have been avoided. *Held*, that the question of plaintiff's negligence and of contributory negligence on the part of defendant was properly submitted to the jury.

(Argued March 26, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Alfred E. Mudge* for appellant. Plaintiff was chargeable with some degree of care and prudence, and with some degree of negligence. (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Clark* v. *E. A. R. R. Co.*, 36 id. 135.) The fact that he was doing an act prohibited by the statute (Chap. 585, Laws of 1880), was evidence of negligence on his part which he was bound to overcome. (*Knupfle* v. *Knick. Ice Co.*, 84 N. Y. 488.) As the plaintiff failed to rebut the presumption of negligence raised by the testimony against him, the complaint should have been dismissed. (*Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Solomon* v. *C. P. R. R. Co.*, 1 Sweeney, 298; *Motel* v. *S. A. R. R. Co.*, 2 How. Pr. 30.)

*A. J. Skinner* for respondent. Even if the plaintiff had been, as a matter of fact, violating the statute at the time he was injured, that of itself would not operate to deprive him of any right of action against defendant. (*Packalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424; *Connelly* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 346; *Wohlfahrt* v. *Beckert*, 92 id. 490; *Platz* v. *City of Cohoes*, 89 id. 220; *Carroll* v. *S. I. R. R. Co.*, 58 id. 126; *Eppendorf* v. *B. C. & N. R. R. Co.*, 69 id. 195; *Spooner* v. *B. C. R. R. Co.*, 54 id. 230.) At most, the statute was competent only as evidence to be submitted to the jury on the question of negligence. (*Rochester* v. *Montgomery*, 72 N. Y. 65.) A person driving a team and vehicle on the track of a horse railroad is bound to exercise greater care in keeping out of the way of cars than is required of one driving along a common highway or street in avoiding

ordinary vehicles; he owes a greater duty and his right is smaller. (*Adolph* v. *C. P., N. & E. R. R. R. Co.*, 76 N. Y. 530, 537.)

BRADLEY, J.   This action was brought to recover damages resulting from personal injuries suffered by the plaintiff, alleged to have been occasioned by the negligence of the defendant.   The injury was caused by a collision on Court street, in the city of Brooklyn, between a street car and the ice wagon of the defendant.   The wagon was going one way and the car the other, and, as the car was turning from that street into another street, a wheel of the wagon came in collision with the rear end of the car, and the plaintiff was thrown from the side platform near that end of the car on which he was standing.   The question of negligence of the defendant was, perhaps, a close one, but the evidence seems to have been such as to permit that imputation, and required the submission of such question to the jury as one of fact.   Both the wagon and the car were properly in the street, and the duty was with the driver of each to use reasonable care against injury to others.   In this instance they approached each other at or near the junction of Court and Nelson streets, and the car was on the curve, proceeding to turn into the latter street, when it was struck by the wagon.

The main evidence of negligence of the defendant was that relating to the speed it was being driven.   There is evidence tending to prove that it was going rapidly, and continued to do so until the collision occurred.   It is, however, said, with the support of evidence tending to prove the fact, that if the car had continued in Court street there would have been no collision; that the driver was not aware of the purpose to turn into the other street until both reached Nelson street, and that then it was too late for the driver of the wagon to avoid the collision caused by the swinging of the rear end of the car into the line of the wheels on one side of the wagon in making the turn, and that the driver did what he then could to get the wagon out of the way of the car.

Upon evidence given on the part of the defendant, if taken by the jury as a full and correct representation of the situation, they could not properly have charged the defendant with liability. But the jury were permitted, upon evidence given upon the trial, to find that when the movement was first made to turn the car, the defendant's driver influenced by reasonable care, and in view of the situation and exercising it, may and should have slackened the speed of the wagon, and by doing so the collision and the consequences resulting from it would have been avoided. And that, while the driver did not know or suppose, until the car reached the intersecting street that it would be turned into it, the switch there would, if observed, have shown the opportunity to do so. The evidence on the part of the plaintiff and the inferences fairly derivable from it permitted the conclusion that the collision was caused by the negligence of the defendant's servant who was driving the wagon. The further question is, whether it appeared that the plaintiff exercised the care required of him. The burden was with him to make it so appear by evidence. He was then of the age of seven years, and was chargeable with the duty of exercising such degree of care as could reasonably be expected of one of his age, which, in view of all the circumstances, was properly for the consideration of the jury upon the question of contributory negligence. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 326.)

There was some conflict of evidence in relation to the circumstances under which the plaintiff got on to the car, but the finding was permitted by it, that the plaintiff, as he had done on one or more occasions before, appeared at the switch, turned it to enable the car to go from Court into Nelson street, that he did so by the request of the conductor, who told him to do it and get on the car; that the plaintiff did so with a view to obtaining from the conductor a penny, and that while he stood on the platform waiting for it, the collision occurred which caused the injury. The plaintiff says he did not see the

wagon, nor did he look to see if any wagon was coming. The car was then turning on its way into Nelson street. He took no observation to see whether there was any danger to come from collision of the car with anything passing on the street. As matter of law, it cannot be said that he was required to apprehend that there might be an occurrence of that character, or that he might be subject to such a cause of danger. So that the failure to look for approaching vehicles on the street was not necessarily negligence on his part. The fact that a passenger on a street car stands upon the outer platform when there is opportunity to take a seat in the car, might, in an action against the railroad company to recover damages as for its negligence under ordinary circumstances, constitute a defense. (*Clark* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 135.) But that may not be so when the action is against another party, as the defendant in such case cannot assert as a defense the mere duty of the passenger in his relation as such to the railroad company. We think the question of contributory negligence of the plaintiff was for the jury. And they were permitted upon the evidence to find that the negligence of the defendant was the sole cause of the injury. The motion for nonsuit was, therefore, properly denied, unless, as suggested by the defendant's counsel, the plaintiff was chargeable with such negligence by force of the statute, which provides that no minor child not being a passenger, shall be allowed upon the platform or steps of any street car, and that it shall be the duty of constables, etc., to arrest any child violating such provision, who upon conviction, shall be punished by fine not exceeding five dollars for the offense. (Laws of 1880, chap. 585.) While the violation of such statute may be proved as a fact for consideration by the jury, such violation does not for all purposes necessarily establish negligence. (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488.) The getting upon the car was not the immediate cause of the plaintiff's injury, and assuming that the plaintiff violated the statute, he was not for that reason denied the right to assert the defendant's negligence as the cause of the injury and charge it with liability as the consequence. (*Car-*

*roll* v. *Staten Island R. R. Co.*, 58 N. Y. 126; *Platz* v. *City of Cohoes*, 89 id. 220.) In this case, the finding was warranted that the plaintiff got on to the car, not as a passenger, but temporarily, by the invitation of the conductor.

None of the defendant's exceptions were well taken.

The judgment should be affirmed.

All concur, except POTTER, J., dissenting and BROWN, J., not sitting.

Judgment affirmed.