WILLARD BARTLETT, J.
The accident which gave rise to this action occurred on the evening of the 5th day of September,. 1895, upon one of the open trolley cars of the Brooklyn Heights Railroad Company, running through Myrtle avenue, in the city of Brooklyn. The plaintiff, at that time about eleven years of age, was engaged, as a newsboy, in endeavoring to sell papc.s to some of the passengers in the car. For this purpose he had boarded the car, and was standing upon the step which runs along the side. While in this position, according to his testimony, a wagon belonging to the New York Transfer Company, and driven by a person in the employment of the defendant, approached the car so closely that it struck him and knocked him off the step into the street, inflicting very considerable injuries. The evidence of the conductor in charge of the car showed that, although the plaintiff was not a passenger, he was on the car with the consent of the company, but at his own risk, so far as the place which he occupied was concerned. The argument of the learned counsel for the appellant is devoted prin•cipally to the proposition that the plaintiff was guilty of contributory negligence, and, therefore, that the complaint should have been dismissed. The cases which he cites in support of this proposition would be applicable in behalf of the Brooklyn Heights railroad company, if this was a suit against that corporation; Imt they have no application here, in behalf of a third party, who by hi_s negligence nas broup it about a collision between his own vehicle and the car upon which the plaintiff was being conveyed. In this respect the present case seems to be distinguishable in principle from Connolly v. Ice Co., 114 N. Y. 104; 22 S. R. 675. There the plaintiff, a lad seven years old, got on a street car, at the request or the conductor, to get a penny for turning a switch, and, while standing on the side platform, was injured by a collision with the defendant’s ice wagon. 'The plaintiff did not see the wagon, or Eoolc to see if any wagon was coining, or make any observation or *552 ascertain whether he was liable to be endangered by the contact, of the car with anything which might pass it on the street; yet the court of appeals held that he was not required, as matter of law, to apprehend that there might be an occurrence of that character, nor was his failure to look for approaching vehicles necessarily an act of negligence. Applying the same rules to the case at bar, the trial court was clearly right in holding that the question of contributory negligence was a question for the jury.
The only other exceptions argued by the appellant are those to-the refusal of the learned trial judge to charge the two requests at folios 311 and 312 of the appeal book. They were substantially to the effect that the plaintiff could not recover if he knew that it was dangerous for him to mount and remain upon the step of the-car while in motion, or was capable of understanding that it was-dangerous, and if his presence on the step did contribute to produce the injury. The refusal to charge the jury as thus requested waa not erroneous, for both requests omitted all reference to the question whether what the plaintiff did was or was not what a prudent person of his age and capacity would do, or ought to have done, in the exercise of reasonable care under similar circumstances. It by no means follows that a person is guilty of contributory negligence because he voluntary assumes a position which may involve danger. The conductor of every open street car, who is obliged to walk along the side step in order to collect fares from the passengers, runs just as much risk of being hurt by collision with passing vehicles as did the lad who brought this action; yet no one would think of claiming that a conductor who was thus injured had contributed to the accident through any fault of his own, by reason of the mere fact that he was on the step at the time, and did not see the colliding vehicle before he was hurt.
The judgment and order appealed from must be affirmed, with costs. All concur.