WILLIAM KRAMER, Appellant, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Respondent.

1. NEGLIGENCE — TROLLEY ACCIDENT — ERRONEOUS NONSUIT. The facts examined in an action for personal injuries resulting to plaintiff, who was standing on the running board of a crowded trolley car, and was struck by a beam projecting from a temporary fence erected at an excavation along the tracks, and *held*, that in riding upon the running board he was not guilty of contributory negligence as matter of law; that the evidence presented a question of fact whether the defendant's motorman was negligent in running the car at a high speed along said place and also in failing to see the beam, or if he saw it in failing to stop the car; hence, a nonsuit upon the ground that plaintiff was chargeable with contributory negligence was erroneous.

2. QUESTION NOT RAISED BELOW. A contention that plaintiff was not a passenger will not be considered on appeal, where it was assumed by the parties and the trial court that the fact that he was a passenger was admitted or at least not controverted.

*Kramer* v. *Brooklyn Heights R. R. Co.*, 114 App Div. 804, reversed.

(Submitted November 22, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 1, 1906, affirming a judgment of the Municipal Court of the city of New York in favor of defendant entered upon a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles M. Stafford* for appellant. The Appellate Division was wrong in affirming the judgment upon the ground that the plaintiff was not shown to have been a passenger. (*Raphael* v. *Margolies,* 42 Misc. Rep. 204; *Wilson* v. *Rocke,* 58 N. Y. 642; *Fox* v. *N. Y. C. & H. R. R. R. Co.,* 95 App. Div. 132; *Brown* v. *C. & S. C. R. R. Co.,* 12 N. Y. 486; *Svenson* v. *Svenson,* 178 N. Y. 54; *Matter of Fitzsimmons,* 174 N. Y. 15; *Tuers* v. *Tuers,* 100 N. Y. 196; *Higgins* v. *Eagleton,* 155 N. Y. 466; *Peggo* v. *Dinan,* 72 App. Div. 435; *Cleveland* v. *N. Y. S. Co.,* 68 N. Y. 306.) The evidence shows that defendant or its servants were negligent. At least, that question should have been submitted to the jury. (*Lehr* v. *S. & H. R. R. Co.,* 110 N. Y. 556; *Graham* v. *M. R. Co.,* 149 N. Y. 336; *Lucas* v. *M. St. R. Co.,* 56 App. Div. 405; *Kohn* v. *I. R. T. Co.,* 104 App. Div. 237; *Henderson* v. *N. E. R. R. Co.,* 46 App. Div. 280; *Wood* v. *B. C. R. R. Co.,* 5 App. Div. 498; *Faris* v. *B. C. & N. R. Co.,* 46 App. Div. 231.) The evidence shows that plaintiff was not negligent. At most it was a question for the jury. (*Brainard* v. *N. E. R. R. Co.,* 44 App. Div. 613; *Sheeron* v. *C. I. & B. R. R. Co.,* 78 App. Div. 476; *Horan* v. *Rockwell,* 110 App. Div. 522; *McGrath* v. *B. I. Co. & S. R. R. Co.,* 87 Hun, 310; *Hassen* v. *N. E. R. R. Co.,* 34 App. Div. 71; *Silliman* v. *Lewis,* 49 N. Y. 379; *Johnson* v. *B. H. R. R. Co.,* 63 App. Div. 374.)

*I. R. Oeland* and *George D. Yeomans* for respondent. The trial court properly dismissed plaintiff's complaint for the reason that plaintiff failed to establish that he was a passenger on defendant's car. (*Dayton* v. *Park,* 142 N. Y.

391.) There is no evidence of negligence on the part of the defendant. (*Alexander* v. *R. C. & B. R. R. Co.*, 128 N. Y. 13; *Freeland* v. *B. H. R. R. Co.*, 109 App. Div. 651.)

Chase, J.    The plaintiff while riding in Flatbush avenue in the borough of Brooklyn, city of New York, on the running board of one of the defendant's open cars, was hit by a plank or beam temporarily projecting at right angles from a fence which had been erected along the tracks on which the car was proceeding. He was thrown from the car and received the injuries to recover damages for which this action is brought. On the trial of the action, at the close of the plaintiff's testimony, his complaint was dismissed.

The jury could have found that the plaintiff boarded a Third avenue car at Tenth street and Third avenue in said borough with the intention of proceeding thereon to the borough of Manhattan. When he stepped upon the running board he found that every seat in the car was taken and that he could not get inside the car. He remained upon the running board with six or eight other persons facing the front, holding to the car with his left hand. Other persons boarded the car between Tenth street and the place where the accident occurred. Along the line of the defendant's tracks on Flatbush avenue workmen were engaged in excavating and the fence mentioned had been erected in connection with said work. The car ran very fast and as it turned into Flatbush avenue its speed was increased; as it continued along said avenue it was going at a high rate of speed and the plaintiff hung close to the car, and his coat brushed against the rail of the fence. Plaintiff did not see the plank or beam, but when he was struck by it he clung to the car and was dragged ten or fifteen feet, after which he dropped to the ground in a dazed condition. The man standing on the running board nearest to the front of the car saw the plank or beam sticking out from the fence when it was three feet from the front of the car and in time so that as the car approached it, he jumped over it and escaped being hit. The end of the plank

or beam was a little higher than the running board and extended four inches over the outer edge thereof, and it swept all of the persons standing on the running board off from the car, with the exception of the man who was near the front of the car and jumped over it as stated, and the conductor who was the last one of the persons standing on the running board.

The rules of law applicable to cases of this kind are very familiar and it is not necessary to state them at length. Where workmen are engaged and material changes are continually being made along the tracks on which a street surface car is being run, those in charge of the car, particularly if it is crowded to the running boards with passengers, should exercise special care and watchfulness to avoid accidents.

It was clearly a question of fact for the jury to determine whether the defendant's motorman was negligent under the circumstances disclosed in this case in running the car at a high rate of speed along the place where the accident occurred, and also in failing to see the plank or beam extending from the fence, or, if he saw it, in failing to appreciate its danger and stopping the car. It was not contributory negligence on the part of the plaintiff as a matter of law to ride on the running board. (*Cattano* v. *Metr. Street R. Co.*, 173 N. Y. 565; *Wood* v. *Brooklyn City R. R. Co.*, 5 App. Div. 492.) The plaintiff in standing on the running board assumed but the natural and usual risks of that position. (*Cattano* v. *Metr. Street R. Co.*, *supra.*)

It is urged that the record does not disclose that the plaintiff was ever accepted by the defendant as a passenger. It does not affirmatively appear that the car was stopped at the plaintiff's request to allow him to enter it or that he paid his fare to the conductor. It was assumed during the trial that the plaintiff was a passenger. Plaintiff on being sworn as a witness was asked: " Q. Will you tell the jury whether or not you were riding on a trolley car *as a passenger?* A. Yes. Q. What trolley line? A. Third avenue. * * * Q. Were there any *other passengers* standing on that step? A. Yes."

No objection was made to these questions, and subsequently the plaintiff was asked: " Q. Can you state how far the car was from the *other passengers* who were thrown off ? "

The defendant objected upon the ground that " There is nothing to show where the *other passengers* fell."

It is not disputed that the plaintiff rode with the other persons on the running board for more than a mile before the accident occurred, and the conductor who, at the time of the accident, was on the running board near the rear end of the car had not in any way questioned the right of the plaintiff to remain thereon as a passenger. At the close of the plaintiff's case, defendant's motion to dismiss the complaint was made " On the ground that there has been no evidence of negligence on the part of the defendant."

No other ground for dismissing the complaint was suggested. The court on granting the motion said: " I do not think there was any negligence on the part of the railroad company and I do think there was contributory negligence on the part of the plaintiff and for that reason I am going to dismiss the case."

The defendant's counsel was silent when he should have spoken if he intended to insist that the plaintiff had not been accepted by the defendant as a passenger. His failure to contest the plaintiff's claim that he was a passenger naturally led the plaintiff to assume that his claim to that extent was not disputed.

If the defendant had insisted on the trial by objection or otherwise that it should not be assumed that the plaintiff was a passenger on the car, the plaintiff could perhaps have shown that he had paid his fare or have produced other affirmative evidence conclusively establishing the fact that he was a passenger.

We do not mean to hold that there was a failure of proof on that subject, but even if we assume that the record as it stands is not sufficient to sustain a finding that the plaintiff was a passenger on the car the defendant should not be allowed to take advantage on appeal of such lack of proof when on the trial it was assumed by the parties and the court

that such fact was admitted, or at least not controverted. (*N. Y. C. & H. R. R. R. Co.* v. *City of Rochester*, 127 N. Y. 591; *Brown* v. *Cayuga & Susquehanna R. R. Co.*, 12 N. Y. 486; *Wilson* v. *Rocke*, 58 N. Y. 642.)

The judgment should be reversed and a new trial ordered in the Municipal Court, fifth district, borough of Brooklyn, city of New York, with costs to abide the event.

Cullen, Ch. J., Gray, O'Brien, Vann, Werner and Willard Bartlett, JJ., concur.

Judgment reversed, etc.