### LILLEY v. UVALDE ASPHALT PAVING CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. PRINCIPAL AND AGENT—THE RELATION—EVIDENCE OF AGENCY.

Evidence *held* to support a finding that as to plaintiff, at least, a company on whose order plaintiff had performed services was the agent of defendant, and that plaintiff had a right to look to defendant for payment.

2. SAME—LIABILITIES TO THIRD PERSONS—ACTIONS—INSTRUCTIONS.

In an action for payment for services rendered on the order of an alleged agent of defendant, defendant requested an instruction that if plain-

tiff charged the work done and materials furnished to the alleged agent exclusively, and looked exclusively to it for pay, plaintiff cannot recover against defendant; and the court charged that if the jury "find from the evidence that this plaintiff relied in all his dealings—of course his attitude before you contradicts that—upon the [alleged agent], then, of course, your verdict must be for the defendant." *Held,* that the charge embraced in effect all that had been requested, and was not reversible error.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Louis Lilley against the Uvalde Asphalt Paving Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Leo G. Rosenblatt, for appellant.
Benjamin F. Norris, for respondent.

WOODWARD, J. There is no dispute in this action that the plaintiff performed the services, or as to the amount remaining unpaid; the only practical issue in the case being whether the defendant was liable, the work having been ordered by one Paul C. Grening, as president of the National Trading Company. It was the theory of the plaintiff that the National Trading Company was the agent of the defendant, and that, while the negotiations for the work, the bills rendered, and the payments made were all with the National Trading Company, the defendant was in fact the principal. The defendant's defense is based upon the proposition that the National Trading Company was not its agent, but a subcontractor; that while it acted as "banker" for the National Trading Company, making payment for services, materials, etc., upon the requisition of the National Trading Company, that company in fact was an independent contractor; and that the defendant was not liable for anything beyond the credit allowed to the National Trading Company under each contract. The evidence disclosed that Grening, either individually or as president of the National Trading Company, was paid a salary of $2,500 in the capacity of an agent or representative of the defendant in the borough of Brooklyn; that the offices of both companies were in the same apartments, and, generally, that the affairs of the two companies were carried on very intimately. The plaintiff had long performed services for both companies in the same manner as was done in this particular case, and it can hardly be doubted that as to this plaintiff, at least, the jury were justified in holding that the defendants were represented in the transaction by the National Trading Company, and that he had a right to look to the real principals in the transaction for the payment of his bills.

The defendant urges that the learned trial court erred in refusing to charge "that plaintiff could not recover if he furnished his work and material in reliance exclusively upon the credit of the National Trading Company," as suggested in the brief; and this would undoubtedly be true. But the court did not refuse to charge this proposition. The request to charge was:

"That if the plaintiff charged the work done and materials furnished to the National Trading Company exclusively, and looked exclusively to the National Trading Company for its pay, then it cannot recover in this action against the Uvalde Company."

To this request the court responded as follows:

"Well, I will charge that substantially in this way: That if you, gentlemen of the jury, find from the evidence that this plaintiff relied in all his dealings—of course, his attitude here before you contradicts that—upon the National Trading Company, then, of course, your verdict must be for the defendant."

The defendant took an exception to this charge, which in effect charged all that had been requested, and we are of opinion that the jury took with them no erroneous impression of the law. There was no exception to the refusal of the court to charge in the language of the request, and the charge as made does not present reversible error.

From an examination of the matters called to our attention in the briefs of counsel, we are persuaded that this trial was fairly conducted, that the evidence supports the theory of the plaintiff, and that the defendant has no cause to complain. A course of business such as was shown here, known to all the parties, justified the plaintiff in believing that he was in fact working for the defendant, though the transactions were all in the name of the National Trading Company.

The judgment appealed from should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.