## MILLER v. UVALDE ASPHALT PAVING CO.

(Supreme Court, Appellate Division, Second Department.　October 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 819*)—OBSTRUCTIONS IN STREETS—ACTIONS—SUFFICIENCY OF EVIDENCE—CAUSE OF INJURY.

In an action for injuries to one who was knocked from the step of a street car by being struck on the foot by an object along the track, evidence *held* to justify a finding that plaintiff was struck by some curbing stones which were piled near the track.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

2. EVIDENCE (§ 587*)—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.

While, to establish a fact in a civil action by circumstantial evidence, the circumstances must lead fairly and reasonably to the conclusion, they need not exclude every other possible hypothesis, but only every other hypothesis which can be fairly and reasonably inferred.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2436; Dec. Dig. § 587.*]

3. MUNICIPAL CORPORATIONS (§ 819*)—OBSTRUCTIONS IN STREETS—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for injuries by being knocked from a street car step by being struck on the foot by curbstones piled along the track, evidence *held* to sustain a finding that defendant caused the curbstones to be placed along the track.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against a paving company for injuries by being thrown from a street car step by being struck on the foot by curbing stones piled near the track, any error in permitting testimony that witness was setting a curb for defendant was harmless, where the evidence showed that defendant had the curbing piled along the track; that being the actionable negligence, and not the setting of the curb.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4166; Dec. Dig. § 1050.*]

5. MUNICIPAL CORPORATIONS (§ 821*)—OBSTRUCTIONS IN STREETS—ACTIONS—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

In an action for injuries by being knocked from a street car step by being struck on the foot by stones piled along the track, whether plaintiff was himself negligent *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1754–1756; Dec. Dig. § 821.*]

6. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

Even if, as against the company, a passenger's act in unnecessarily going upon the running board of a street car might be contributory negligence as a matter of law, so as to bar recovery for resulting injuries, it would not be contributory negligence per se when the action for the injuries was against a third party.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from Trial Term, Kings County.

Action by Charles H. Miller against the Uvalde Asphalt Paving Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Leo G. Rosenblatt, for appellant.
Herbert N. Warbasse, for respondent.

·BURR, J. The defendant introduced no evidence. It devolves upon us, therefore, to determine whether the plaintiff established, first, the proximate cause of his injury; second, that the defendant's negligence is responsible for the existence thereof; and, third, that his own negligence did not contribute to the injury complained of.

On the 20th day of June, 1904, the plaintiff was a passenger in an open trolley car which was running through. Church avenue. As it approached East Thirty-Fourth street, he signaled to the conductor, and stepped down with his right foot to the running board, his left foot remaining on the floor of the car. While in that position, something struck his right foot, which projected beyond the edge of the running board three inches, with such violence that the sole of his shoe was almost torn off, and he was thrown headlong into the street, sustaining serious injury. While there is no direct evidence as to what the object was with which his foot came in contact, there was evidence that about two weeks before the accident some large bluestone curbing had been deposited in the roadway at the point where the accident happened, and "all along between Thirty-Third and Thirty-Fourth streets"; that these stones were about five feet long, two feet wide, and six or eight inches thick; that they were placed so near to the track and in such a position and were of such a height (in some instances one being placed on top of the other) that the running board of a passing car barely escaped coming in contact with them. We think that the jury were justified in determining that it was one of these stones which was struck by plaintiff's foot. While it is true that, in order to establish a material fact in a civil action by circumstantial evidence, the circumstances must be such as to lead fairly and reasonably to the conclusion sought to be established, it is not necessary to exclude every other hypothesis that can possibly be suggested. It is enough if it exclude any other hypothesis which can fairly and reasonably be deduced from the evidence. It is certain that plaintiff's foot came in contact with some object extraneous to the car and in close proximity to it. It is possible, as suggested by counsel, that some one may have thrown a stone and struck the plaintiff, or that some careless workman may have left a tool near the track, or that, if it was a stone with which plaintiff's foot came in contact, it may not have been one of the curbstones above referred to. But there is not the slightest evidence that a stone was thrown, or a tool left near the track, or that there were any loose stones in the street except the curbstones. For the jury to have found that the accident resulted from any such cause would have been to base a verdict upon surmise and conjecture. Where the evidence warrants the finding of an obstruction in the street of such a character and in such a position that it may be reasonably found that it was the cause of an accident, in the absence of evidence from which any other thing may equally well be found to be the cause thereof, a jury are justified in attributing such accident to the presence of such obstruction, even though there may be no direct evidence respecting the same.

The jury were also justified in finding that the defendant was responsible for the presence of the curbstones in the street. The evidence was uncontradicted that the defendant hired the flat cars by which the curbstones were transported to the scene of the accident, that they were unloaded from the cars by men employed by the defendant and under the direction of its manager, who was told by the president of the defendant to "go ahead, and do the work." It appeared that the contract for curbing and laying the sidewalk on Church avenue was in writing, and made between the city and the National Trading Company, of which one Grening was the president.

In view of the uncontradicted facts above referred to, if it was error to permit the witness Grening to testify that he was setting the curb for the defendant company, it was harmless error, for the negligence consisted in unloading the stones from the cars and leaving them in a dangerous position in the street, and not in curbing or laying the sidewalk. In addition to that, the evidence would sustain a finding that the National Trading Company was the agent of the defendant in doing the latter work. Lilley v. Uvalde Asphalt Paving Co., 127 App. Div. 310, 111 N. Y. Supp. 559.

Upon the question of plaintiff's contributory negligence, we think, also, that the question was one for the jury. It did appear that the plaintiff was sitting in the rear of a car which was not crowded, and that, after signaling the car to stop and before it had checked its speed, he placed his foot upon the running board preparatory to alighting. It also appeared that he knew that work was being done upon the street in the immediate neighborhood of the place of the accident, and that he had seen curbstones lying in the roadway. But he says that he did not notice them at the particular place where he was hurt. Even if as against a railroad company the act of a passenger in getting upon the running board of a car when there was no necessity of doing so in consequence of which he was injured might be such contributory negligence as would constitute a defense as matter of law because of the duty of the passenger in his relation as such to the railroad company, the same rule does not apply when the action is against another party. Connolly v. Knickerbocker Ice Co., 114 N. Y. 104, 21 N. E. 101, 11 Am. St. Rep. 617; Mills v. Woolverton, 9 App. Div. 82, 41 N. Y. Supp. 90. The learned trial justice very fully and carefully instructed the jury as to the law of contributory negligence as applicable to this case, and no exception was taken to his charge in this regard.

The judgment and order appealed from should be affirmed, with costs. All concur.