## GARBER v. JOLINE et al.

(Supreme Court, Appellate Term.　December 22, 1909.)

1. CARRIERS (§ 318*)—PASSENGERS—INJURIES—ACTIONS—SUFFICIENCY OF EVI-
DENCE—NEGLIGENCE.

In an action by a street car passenger for injuries by collision of the
car with a wagon, evidence *held* to justify a finding of negligence by the
motorman in permitting the front platform to be so overcrowded that he
could not operate the brakes or control the car.

· [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1312; Dec. Dig.
§ 318.*]

2. CARRIERS (§ 347*)—PASSENGERS—JURY QUESTION—CONTRIBUTORY NEGLI-
GENCE—RIDING ON PLATFORM.

While a street car passenger while riding on the front platform as-
sumed the ordinary risks of riding in that position, he was not negligent
as a matter of law in not foreseeing that the motorman might permit the
platform to become overcrowded, so that he could not control the car,
causing a collision with a vehicle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1359; Dec. Dig. §
347.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Harris Garber against Adrian H. Joline and another, as
receivers of the Metropolitan Street Railway Company.　From an
order denying a motion to set aside a verdict for plaintiff and for a
new trial, defendants appeal.　Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Masten & Nichols (Anthony J. Ernest, of counsel), for appellants.
Max Schlivek, for respondent.

GIEGERICH, J.　The defendants rested at the close of the plain-
tiff's case, and, their motion for a nonsuit being denied, the case was
left to the jury, which found for the plaintiff.　From the order deny-
ing their motion to set the verdict aside and for a new trial, they take
this appeal.

It appeared from the testimony of the plaintiff and his witnesses
that he boarded a street car of a line operated by the defendants, and,
there being no room in the car, he stood on the front platform.　A
number of people stood on the platform with him.　After traveling
about two blocks, the car collided with a coal wagon which was stand-
ing against the curb.　The car was going very fast.　When a collision
appeared inevitable, some of the passengers called to the motorman
to stop the car, and he replied that he could not stop because of the
crowd pressing against him.　The plaintiff's body came into collision
with the coal wagon, and he was thrown from the car and injured.

It is clear enough that the verdict was justified by the evidence.　If
the jury believed that the motorman permitted the platform of the car
to be so overcrowded that he could not work his brakes or keep the
car under control, they were justified in finding the defendant guilty
of negligence; and it was not negligence on the part of the plaintiff,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as a matter of law, to ride on the platform of the car. He doubtless assumed the natural and ordinary risks involved in riding in that position; but he was not required, as a matter of law at any rate, to foresee that the motorman might permit his car, through overcrowding of the platform or otherwise, to get beyond his control while traveling at a high rate of speed. Kramer v. Brooklyn Heights R. R. Co., 190 N. Y. 310, 83 N. E. 35. That was by no means a risk incident to the position.

Order affirmed, with costs.

GOFF, J., concurs. LEHMAN, J., concurs in result.