HENRY J. WARD, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY et al., Appellants.

Negligence — injury to passenger standing on running board of street surface car — contributory negligence — whether passenger negligent in remaining on running board question for the jury.

1. A passenger who was standing upon the running board of a street surface car was injured by being thrown to the pavement by a collision between the car and an automobile. In an action against the railway company and the owner of the automobile, in which he obtained judgment against both defendants, it appeared that,

at the time the passenger boarded the car, about a mile distant from the place of the collision, all of the seats were occupied and he took a position upon the running board, on which other persons were standing. After that and prior to the time of the collision there were vacant seats in the car, one of which he might, with reasonable vigilance and effort, have secured and occupied, and had he done so he would not have been injured. *Held*, that it was error for the trial court to charge, in effect, as matter of law, that the plaintiff was not negligent in standing upon the running board.

2. As between the plaintiff and the owner of the automobile, the law imposed upon the plaintiff the obligation to reasonably and with ordinary vigilance and prudence care for his safety and freedom from personal injury, and it was for the jury to determine whether a reasonably prudent man would, under the circumstances and conditions which accompanied the plaintiff subsequent to the boarding of the car by him, have been standing, as was the plaintiff, upon the running board at the time of the collision, and whether the negligence of the plaintiff, if found, contributed to his injuries.

*Ward* v. *International Ry. Co.*, 140 App. Div. 938, reversed.

(Argued May 22, 1912; decided June 29, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 21, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred L. Becker* and *James O. Moore* for appellants. The court erred in refusing to submit to the jury the question of plaintiff's contributory negligence in riding upon the running board of the car, and in charging as a matter of law that the plaintiff was not negligent in so doing. (*Gallagher* v. *Newman*, 190 N. Y. 444; *McDonald* v. *M. S. R. Co.*, 164 N. Y. 607; *Wood* v. *B. H. R. Co.*, 5 App. Div. 492; *Kramer* v. *B. H. R. Co.*, 190 N. Y. 310; *Cattano* v. *M. S. R. Co.*, 173 N. Y. 565; *McGrath*

v. *B.-Q. R. Co.*, 87 Hun, 310; *Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556.)

*Eugene M. Bartlett* for respondent.   The court correctly charged that plaintiff was not guilty of contributory negligence as a matter of law.   (*Gallagher* v. *Newman*, 190 N. Y. 444; *McDonald* v. *M. L. Ins. Co.*, 164 N. Y. 607; *Wood* v. *B. & C. R. Co.*, 5 App. Div. 492; *Kramer* v. *B. H. R. Co.*, 190 N. Y. 310.)   The charge of the court with respect to the negligence of the plaintiff in being on the ruuning board of the car was wholly immaterial to the defendant E. R. Thomas Motor Company, and, therefore, the judgment should be affirmed as to that defendant if reversed as to the other.   (*St. John* v. *Andrews*, 192 N. Y. 382; *Hubbell* v. *Meigs*, 50 N. Y. 489; *Miller* v. *U. A. P. Co.*, 134 App. Div. 212; *Nolan* v. *B. C. & N. R. R. Co.*, 87 N. Y. 63; *Ginna* v. *S. A. R. R. Co.*, 67 N. Y. 596; *Wilson* v. *A. B. Co.*, 74 App. Div. 599; *Wittleter* v. *C. E. Co.*, 47 App. Div. 410; *Connolly* v. *K. Ice Co.*, 114 N. Y. 108.)

COLLIN, J.   The plaintiff has recovered a judgment against the defendants for the damages for personal injuries received by him, while a passenger on a street surface car of the defendant railway company, through a collision between the car and an automobile of the defendant motor company at an intersection of streets in the city of Buffalo, N. Y.   The car was an open car, and at the time of the collision the plaintiff was standing upon one of the running boards extending along its sides holding to the stanchions or uprights.   He testified that the collision so jolted the car that he was thrown from the running board to the pavement of the street and received the injuries claimed.

There was evidence from which the jury might have found that the plaintiff boarded the car at a point a mile or thereabouts from the place of the collision, at

which time all of the seats were occupied and the plaintiff took his position upon the running board, upon which eight or ten other persons were, and while there he paid his fare as a passenger; that at and prior to the time of the collision there were vacant seats in the car, one of which the plaintiff might with reasonable vigilance and effort have secured and occupied and had he so done he would not have been injured. The trial justice in his main charge omitted any instruction concerning the negligence of the plaintiff, stating to the jury that they might eliminate from their consideration of the case any question with reference to his negligence. No exception to that part of the charge was taken. Following upon certain requests on the part of the defendants, the trial justice charged, in effect, as a matter of law, that the plaintiff was not negligent in standing upon the running board as a passenger, and thereto each defendant excepted. We are to determine whether or not there was error therein.

The railway company received the plaintiff upon its car and accepted the fare, and the relation between it and the plaintiff was that of carrier and passenger. The plaintiff in taking the position upon the running board, when he mounted the car, was not guilty of contributory negligence as a matter of law, because there was then no seat which he could secure and occupy, and whether or not he was guilty of contributory negligence in remaining on the running board depended upon all the conditions and circumstances as delineated by the testimony and was a question for the jury. (*Cattano* v. *Met. Street Ry. Co.*, 173 N. Y. 565; *Wood* v. *Brooklyn City R. R. Co.*, 5 App. Div. 492.) His negligence, if found to exist, would defeat his right of recovery provided it contributed to produce the injury upon which that right was based. A passenger, who without negligence stands upon the running board, step or platform of a street surface car, assumes the risks incident to the operation of the car in

the customary and ordinary way, such as the movements attendant upon the starting and stopping and passing over the curves and the jolting and rocking of the car, but does not assume those which are exceptional or which spring from the negligence of the railway company, such, for instance, as those of derailment or collisions. He is, however, under the duty of exercising care, reasonable and commensurate with the dangerous nature of his position, to shield himself from the results of those exceptional risks. (*Kramer* v. *Brooklyn Heights R. R. Co.*, 190 N. Y. 310; *Gregory* v. *Elmira Water, Light & R. R. Co.*, 190 N. Y. 363; *Kiefer* v. *Brooklyn Heights R. R. Co.*, 111 App. Div. 404.)

But a passenger who takes or retains, in the absence of a reasonable cause or excuse, a position upon the running board, steps or platform of a street surface car when there is a vacant seat which he may reach and occupy with reasonable and proper vigilance and effort, is negligent. He may not causelessly and without reason occupy a hazardous position when, by reasonable watchfulness and exertion, he may place himself in the safer one which the railway company has provided for its passengers. (*Coleman* v. *Second Avenue R. R. Co.*, 114 N. Y. 609; *Bradley* v. *Second Avenue R. R. Co.*, 90 Hun, 419; *Clark* v. *Eighth Ave. Railroad Co.*, 36 N. Y. 135; *Ginna* v. *Second Avenue R. R. Co.*, 67 N. Y. 596.) The plaintiff was bound, as matter of law, to be reasonably diligent in ascertaining whether or not a seat became vacant, and in case a seat did become vacant, in then reaching and securing it, unless there existed a reason justifying him in remaining upon the running board. The exception of the railway company to that part of the charge under consideration was well taken.

The relation between the plaintiff and the motor company was that which exists between travelers upon the street or highway. Under it the law imposed upon the plaintiff the obligation to reasonably and with ordi-

nary vigilance and prudence care for his safety and freedom from personal injury. If he failed to exercise reasonable care and thoughtfulness in regard to evading injury through the dangers fairly incident to traveling upon the street, he was negligent. The relation between the plaintiff and the railway company and the duties and obligations springing from it do not enter into the consideration of the plaintiff's negligence or freedom from negligence in his contact and relation with the motor company. Would a reasonably prudent man, under the circumstances and conditions which accompanied the plaintiff subsequent to the boarding of the car by him, have been standing, as was the plaintiff, upon the running board at the time of the collision, and did the negligence of the plaintiff, if found, contribute to his injuries. Certainly these were questions for the jury and the exception of the motor company was well taken. (*Connolly* v. *Knickerbocker Ice Co.*, 114 N. Y. 104; *Mills* v. *Woolverton*, 9 App. Div. 82; *Miller* v. *Uvalde Asphalt Paving Co.*, 134 App. Div. 212; *Spofford* v. *Harlow*, 85 Mass. 176.) Any negligence of the motorman or conductor of the car participating in causing the collision would not defeat a recovery by the plaintiff from the motor company. (*Chapman* v. *New Haven Railroad Co.*, 19 N. Y. 341; *Little* v. *Hackett*, 116 U. S. 366; *Bennett* v. *New Jersey R. R. & T. Co.*, 36 N. J. L. 225.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., concurs in result; VANN, J., absent.

Judgment reversed, etc.