14572

OAKMAN v. OGILVIE *ET AL.*

(198 S. E., 920)

*Messrs. Hendersons & Salley* and *Tompkins & Tompkins,* for appellants, cite:

*Messrs. Williams & Busbee,* for respondent, cite:

November 26, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The plaintiff has recovered a judgment against the defendants for damages for personal injuries, received by him while standing on the running board of a stationary motortruck, through a collision between the motortruck and an automobile of the General Motors Acceptance Corporation, which at the time of the collision was driven and operated by its field agent, the defendant, Jake Ogilvie. The accident occurred on the night of September 25, 1935, at a point about eleven miles from the City of Aiken, on the Aiken-Ellenton highway, which seems to be locally known as the Whiskey road.

The specific acts of negligence and willfulness complained of are that the defendants' automobile was (a) operated at a high, dangerous and reckless rate of speed, .in excess of the statutory speed limit of 45 miles per hour; (b) without keeping the same under control; (c) without keeping a proper lookout for other travelers; and, (d) operating the automobile on the driver's left of the center of the highway when meeting the truck on which plaintiff was a passenger.

The amended answers of the defendants set up the defenses of contributory negligence, and contributory willfulness on the part of the plaintiff.

The verdict rendered by the jury was for actual damages alone, so that the issue of willfulness on the part of the defendants goes out of the case. At the close of the testimony the defendants moved for a directed verdict upon two grounds: That the only reasonable inference to be drawn from the whole testimony was that the plaintiff was guilty of (a) contributory negligence; and (b) contributory willfulness.

The appellants have appealed to this Court upon one exception, which assigns error to the lower Court in refusing their motion for a directed verdict.

On the night of the accident, the respondent, who was a negro farm hand in the employ of a Mr. Walter Key, with four other laborers, was directed to go to the home of Mr. Key for a load of cotton. The truck used for this purpose was driven by one John Coleman, and it was boarded by the plaintiff when it reached his home, which was about 300 yards from its destination. The plaintiff testified that he stepped up on the left-hand running board, by the driver of the truck, holding onto the door, explaining that he took this position because the distance was short and there was no traffic to be seen on the road at the time. Another of the farm hands stood on the right-hand running board, opposite the driver; one sat in the cab with the driver; and the fifth was in the body of the truck behind the cab. There was room in the body of the truck for the plaintiff had he chosen to occupy it. The truck was driven down the highway about 300 yards, until it came within 25 feet of the point where it was to turn to its left across the highway and take the road leading to Mr. Walter Key's house, where the cotton was to be loaded. At this spot the truck came to a complete stop, on its extreme right-hand side of the highway, against the ditch which ran alongside the highway. This was done in order that the motor vehicle, which was then seen to be approaching from the direction opposite to that in which the truck was headed, and which it later developed was being driven by the defendant, Ogilvie, could pass, before the truck made its intended left-hand turn to cross the road.

The speed of the oncoming car which collided with the truck was variously estimated to be from 45 to 65 miles per hour. As it came within a short distance of the stationary truck, the defendant Ogilvie applied the brakes, and its wheels skidded from the right of the center of the highway diagonally across to the left of the center, a distance of 47 feet, where it violently collided with the truck, and with respondent where he stood upon the running board, pinning

and crushing him between the truck and the automobile, as a result of which his leg was broken, and he was otherwise injured. No other occupant of the truck received any injury, but it appears from the record that the defendants have paid a judgment obtained against them by the truck owner for damages sustained by the truck.

The burden of the appellants' argument is that the plaintiff was guilty of both contributory negligence and contributory willfulness, as a matter of law, because it is said that he voluntarily occupied a place of extraordinary danger, on the left-hand running board of the truck, without reasonable cause or excuse, when he might have occupied a place of safety, in the body of the truck, it appearing that he alone was injured as a result of the accident.

The standard or test by which the contributory negligence of a person injured in an automobile accident is measured is whether he acted as a reasonably prudent man would have acted under the peculiar circumstances of the case, considering the surrounding hazards, and any other factors explanatory of the particular situation.

Cases dealing with liability for injury to one riding on the running board of a motor vehicle, or other place outside of the body of the car, have come before a number of our American Courts. The subject is very adequately treated in an annotation in 80 A. L. R., 553, and in 104 A. L. R., 326, where many of the cases in point have been collected.

Where the defense of contributory negligence of one injured or killed while riding on the running board of a motor vehicle is pleaded, the cases make a clear distinction between actions brought for such injury or death against the owner or driver of the motor vehicle being ridden and actions brought against third persons whose negligence caused such death or injury. No contention is made here that the plaintiff in standing upon the running

board, under the circumstances shown, violated any statutory law or traffic regulation.

In the case at bar, the evidence shows that at the time of the collision the truck had stopped, and that the plaintiff was standing upon its left-hand running board, holding onto the door with his hands, and that his body did not project beyond the outside line of the truck. The truck itself was standing upon its extreme right-hand side of the center of the highway, against the shallow drainage ditch on that side.

The appellants rely upon the doctrine announced in the cases of *McLean v. Atlantic Coast Line R. Co.,* 81 S. C., 100, 61 S. E., 900, 1071, 18 L. R. A. (N. S.), 763, 128 Am. St. Rep. 892, and *Bouchillon v. Charleston Railway Co.,* 90 S. C., 42, 72 S. E., 634, Ann. Cas., 1913D, 1, to the effect that one is guilty of contributory negligence as a matter of law which bars recovery, where he voluntarily leaves a safe place and puts himself in a place of obvious danger—where it appears that, had he not done so, he would not have been injured.

In the *McLean case* a railway passenger, for whom a coach was provided, went on the top of a caboose of a mixed train, and was killed when the caboose was derailed; thus leaving a place of safety and placing himself in a position of danger unnecessarily. The Court held, in an action for damages brought by the administratrix against the railroad company, that the deceased was guilty of contributory negligence.

In the *Bouchillon case, supra,* the engineer of a hoisting engine attached to a work train left his place in the shanty car and got upon the locomotive, in violation of a rule of the company. The locomotive was derailed, and he was killed. This Court sustained a nonsuit on the ground that he was guilty of contributory negligence, as a matter of law, in violating the rule of the company; there being no call of duty, or necessity, or direction from a superior officer or agent to do so. The Court further held that, in the

absence of the rule forbidding employees to ride on the locomotive, he was guilty of contributory negligence as a matter of law, which barred recovery, because he voluntarily left a safe place and put himself in one of obviously greater danger; it appearing that, if he had not done so, he would not have been injured.

We think the appellants mistake the applicability of the rule announced in the two foregoing cases to the facts in the case at bar. It may readily be conceded that one may not causelessly and without reason occupy a hazardous position when by reasonable care he may place himself in the safer one which the railway company has provided for its passengers or employees. But the relation between the plaintiff in the case at bar and the defendants was that which exists between travelers upon a public highway. Under it the law imposed upon the plaintiff the obligation to reasonably and with ordinary vigilance and prudence care for his safety and freedom from personal injury. If he failed to exercise reasonable care and prudence in regard to evading injury through the dangers fairly incident to traveling upon the highway he was negligent. The fact that a passenger on a railroad deliberately, and in the absence of an emergency necessitating it, occupies a place of obvious danger when there is opportunity to occupy a seat in the coach, would, in an action against the railroad to recover damages, as for its negligence, under ordinary circumstances, constitute a defense. But that may not be so when the action is against a third party, as the defendant, in such case, cannot assert as a defense the mere duty of the passenger in his relation as such to the railroad company. *Connolly v. Knickerbocker Ice Co.*, 114 N. Y., 104, 21 N. E., 101, 11 Am. St. Rep., 617; *Ward v. International Railway Co. et al.*, 206 N. Y., 83, 99 N. E., 262, Ann. Cas., 1914A, 1170.

The relation between the plaintiffs in the *McLean* and *Bouchillon cases* and the railroad company, and the duties

and obligations springing from that relation, do not enter into the consideration of the present plaintiff's negligence or freedom from negligence in his contact with and relation to the defendants in this case. The issue before us must be determined by the law of the road with reference to the reciprocal rights, duties, and obligations of travelers thereon.

Would a reasonably prudent man, under the circumstances and conditions which surrounded the plaintiff, have been standing, as was the plaintiff, upon the left-hand running board of the truck at the time of the collision; and did the negligence of the plaintiff, if found, contribute as a proximate cause to his injuries? Under the circumstances shown here, we think the question of contributory negligence of the plaintiff was for the jury. As a matter of law, it cannot be said that the plaintiff was required to apprehend that there might be a collision, or that he might be subject to such a cause of danger. If it can be said that the plaintiff was guilty of any negligence at all, it was too remote a cause in the chain of causation. If negligence at all, it was a mere condition upon which the defendants' negligence operated as an efficient cause, without which the injury would not have happened.

In *Lettieri v. Blaisden* (1931), 101 Pa. Super., 423, where a person riding on the running board of a moving automobile was injured by another car whose driver and owner was alleged to be negligent, it was held that, although the injured person would have been guilty of contributory negligence as a matter of law if he had been injured by the negligence of the driver of the car on which he was riding, this rule did not apply when his injury was caused by a collision with another car, and the plaintiff was entitled to have the question of his alleged contributory negligence submitted to the jury.

In a large number of cases, where the action was by one injured while riding on the running board of a motor vehicle, against one other than the owner or driver thereof,

the question of the contributory negligence of such plaintiff has been held to be for the jury to determine, under the facts therein appearing. In note, 104 A. L. R., 326, cases of this type have been collected, from Alabama, California, Georgia, Kentucky, Pennsylvania, Rhode Island, Texas, and other states. Also appearing in this note are three cases cited by the appellants: *Hinch v. Elliott,* 119 Conn., 207, 175 A., 684; *Seiffert v. Hines,* 108 Neb., 62, 187 N. W., 108, and *Wiese v. Polzer,* 212 Wis., 337, 248 N. W., 113. We have examined the last three named cases and discover that the facts are so dissimilar from the facts in the instant case that they cannot be regarded as authority.

In this case the jury has found that the defendants were guilty of actionable negligence. Every traveler on the highway, exercising due care himself, in the absence of any circumstances which reasonably should put him on notice to the contrary, is entitled to assume, and to act upon the assumption, that others using it in common with him will exercise reasonable care. Thus, a person, as in this case, who is standing on the running board of a stationary truck, which is on its extreme right-hand side of the center of the highway, has the right to rely upon the observance of the rules of the road by the operator of an approaching automobile; and, when there is sufficient room for a motor vehicle to pass him without interference, he is not necessarily negligent in assuming that the driver will so operate the motor vehicle as not to injure him.

The testimony in this case shows that the automobile operated by the defendant Ogilvie had a space of 16 feet within which to safely pass the truck, and there was no indication or notice of danger or injury to the plaintiff, until the car was practically abreast of the point where the truck was located. Under these circumstances, it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence, or contributory willfulness.

While this Court in no sense commends the practice of persons riding upon the running board of automobiles upon our highways, under the facts in this case it was for the jury to say whether the plaintiff acted as a reasonably prudent man would have acted under the circumstances narrated.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.