[L. A. No. 602.   Department One.—March 24, 1900.]

# E. W. BABCOCK, Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

| 128 | 173 |
|-----|-----|
| 132 | 664 |
| 128 | 173 |
| 137 | 283 |

Negligence—Stopping Street-car with Lurch on Curve—Rapid Motion of Car—Stop Beyond Crossing—Question for Jury—Nonsuit. In an action for an injury to a passenger upon a street-car, evidence that the car was accustomed to stop at a street crossing before rounding a curve, and that plaintiff had duly signaled for a stop and the bell had rung for the usual stop, but the unusually rapid motion of the car took it past the crossing onto the curve, where it stopped with a lurch, which threw the plaintiff to the ground while preparing to alight, tends to show that the resulting injury was caused by the negligence of the defendant. It was a question for the jury whether the evidence was sufficient for that purpose; and a motion for nonsuit was properly denied.

Id.—Injury to Passenger—Prima Facie Case. — When the plaintiff showed that the defendant had assumed to carry him as a passenger upon one of its cars, and that while so being carried he had sustained an injury by reason of the manner in which the car was propelled along its tracks, a *prima facie* case of negligence was established, which, in the absence of any other evidence, entitled him to a recovery.

Id.—Contributory Negligence—Starting to Leave Car before Full Stop—Rights of Passengers—Absence of Warning against Danger.—It is not contributory negligence as matter of law for a passenger to start to leave a street-car before it comes to a full stop; and the court cannot withdraw the question of contributory negligence from the jury on the ground that the car had been going rapidly, and that, when stopped, it was rounding a curve, if the passenger had the right to expect the car to stop before reaching the curve, and had not been warned against the danger of being thrown off.

Id.—Standing upon Outer Part of Car — Packages — Authorized Belief of Safety.—The street-car company cannot claim that it was contributory negligence for the passenger to stand upon the outer part of the car, after it had assumed to carry him as a passenger, and had not furnished him with any seat. The fact that he had packages in his right hand, and attempted to take hold of the rail with his left hand, in preparing to leave the car, was not necessarily a contributing cause of his injury if he was authorized to believe that he could get off before the curve was reached, and would not need to protect himself against any lurch of the car.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, and E. E. Millikin, for Appellant.

The plaintiff was not injured as the result of the speed of the car, and cannot complain of the violation of the statute as negligence. Consequences not contemplated by the legislature are not within the statute. (*Ex parte Ellis*, 11 Cal. 222; *Kinsey v. Kellogg*, 65 Cal. 111; *People v. Utica Ins. Co.*, 15 Johns. 358, 379; 8 Am. Dec. 243; *Dilger v. Palmer*, 60 Iowa, 117, 130; 1 Blackstone's Commentaries, 60; *Gorris v. Scott*, L. R. 9 Ex. 125; *Atkinson v. Waterworks Co.*, 2 Ex. D. 441; *Smith v. Tripp*, 13 R. I. 152; *Hall v. Brown*, 54 N. H. 495.) The unusual speed of the car did not constitute proof of negligence. (*Perry v. Malarin*, 107 Cal. 363; *Francisco v. Troy etc. Ry. Co.*, 29 N. Y. Supp. 247; 78 Hun, 13; *Bradley v. Second Ave. Ry. Co.*, 90 Hun, 419; 35 N. Y. Supp. 918; *Hayes v. Forty-second St. etc. R. R. Co.*, 97 N. Y. 259.) We believe the law to be that where a passenger voluntarily and for his own convenience takes a position on part of the platform of a street railway car which is ordinarily dangerous in itself, or is rendered dangerous by reason of the peculiar position taken by the passenger thereon, or by reason of the passenger being so encumbered as to be unable to support and steady himself, or by reason of the way the car is being managed at the time the passenger goes into such position, and he is injured by any of the dangers that threatened, he is guilty of contributory negligence, and cannot recover. (*Downey v. Hendrie*, 46 Mich. 498; 41 Am. Rep. 177; *Mann v. Philadelphia Traction Co.*, 175 Pa. St. 122; *Reddington v. Philadelphia Traction Co.*, 132 Pa. St. 154; *Clark v. Eighth Avenue Ry. Co.*, 36 N. Y. 135; 93 Am. Dec. 495; *Bradley v. Second Ave. Ry. Co.*, *supra; Tanner v. Buffalo Ry. Co.*, 72 Hun, 465; 25 N. Y. Supp. 242; *Francisco v. Troy etc. Ry. Co.*, *supra; Wills v. Lynn etc. Ry. Co.*, 129 Mass. 351; *Aikin v. Frankford etc. R. R. Co.*, 142 Pa. St. 47; *Dresslar v. Citizens' St. R. R. Co.*, 19 Ind. App. 383; *Coleman v. Second Ave. R. R.*

Co., 114 N. Y. 609; *Ward v. Central Park etc. Ry. Co.*, 42 How. Pr. 289; *Chicago etc. Ry. Co. v. Means*, 48 Ill. App. 396.)

William J. Hunsaker, and Paul R. Frost, for Respondent.

In such a case as this, the questions of negligence and contributory negligence were for the jury. (*Finkeldey v. Omnibus Cable Co.*, 114 Cal. 28; *Grand Trunk etc. R. R. Co. v. Ives*, 144 U. S. 408; *Raub v. Los Angeles Terminal Ry. Co.*, 103 Cal. 473; *Pacheco v. Judson Mfg. Co.*, 113 Cal. 541; *Lynn v. Southern Pac. Co.*, 103 Cal. 7; Booth on Street Railways, 437; *Reber v. Pittsburgh etc. Traction Co.*, 179 Pa. St. 339; 57 Am. St. Rep. 599; *San Antonio etc. Co. v. Choate*, 90 Tex. 81, 82; *Newton v. Central Vermont Ry. Co.*, 80 Hun, 491; *Fox v. Oakland Con. St. Ry.*, 118 Cal. 55; 62 Am. St. Rep. 216; *McAlpine v. Laydon*, 115 Cal. 68.) The running of the car with speed in violation of the ordinance was negligence *per se*. (*Driscoll v. Cable Ry. Co.*, 97 Cal. 553, 565; 33 Am. St. Rep. 203; *McKune v. Santa Clara etc. Co.*, 110 Cal. 481.) The overloading of the car was in violation of the statute. (Civ. Code, sec. 2185.) An injury resulting from an overcrowded condition of a car, causing passengers to stand, is chargeable to the carrier. (*Lynn v. Southern Pac. Co., supra; Pray v. Omaha St. Ry. Co.*, 44 Neb. 167; 48 Am. St. Rep. 717; *Richmond Ry. Co. v. Garthright*, 92 Va. 627; 53 Am. St. Rep. 839; *Chicago City Ry. Co. v. Young*, 62 Ill. 238; *Willis v. Long Island R. R. Co.*, 34 N. Y. 683.) Overcrowding a car greatly increases the measure of the duty and care of the carrier to the passengers. (*Lynn v. Southern Pac. Co., supra; Sanford v. Hestonville Ry. Co.*, 136 Pa. St. 84.) Proof of injury to a passenger raises a presumption of negligence of the carrier. (*Bush v. Barnett*, 96 Cal. 202; *Judson v. Giant Powder Co.*, 107 Cal. 549, 555; 48 Am. St. Rep. 146; *Consolidated Traction Co. v. Thalheimer*, 59 N. J. L. 474; *Dougherty v. Missouri R. R. Co.*, 81 Mo. 325; 51 Am. Rep. 239; *City etc. Ry. Co. v. Findley*, 76 Ga. 311; *Murphy v. Coney Island Ry. Co.*, 36 Hun, 199; *Smith v. St. Paul Ry. Co.*, 32 Minn. 1; 50 Am. Rep. 550, and note 555.) It was not contributory negligence to ride upon the platform. (*Willmott v. Corrigan Cons. Street Ry. Co.*, 106 Mo. 535; *Reber v. Pittsburgh etc. Traction Co., supra; Pray v. Omaha St. Ry. Co., supra; Matz v. St.*

*Paul City Ry. Co.*, 52 Minn. 159.) Passengers have the right to act without anticipating negligence of the carrier. (*Franklin v. Motor Co.*, 85 Cal. 33; 20 Am. St. Rep. 197; *Yik Hon v. Spring Valley W. W.*, 65 Cal. 620.) A passenger has the right to expect that a car will stop at its usual stopping place, as requested. (*Bowie v. Greenville St. Ry. Co.*, 69 Miss. 196.) Preparations for alighting after signaling a car to stop are proper, and not negligent. (*Colwell v. Manhattan Ry. Co.*, 57 Hun, 452; 10 N. Y. Supp. 636; *Nichols v. Sixth Ave. Ry. Co.*, 38 N. Y. 131; 97 Am. Dec. 780; *Ganley v. Brooklyn City Ry. Co.*, 7 N. Y. Supp. 854; *Ginna v. Second Ave. Ry. Co.*, 67 N. Y. 596; *Consolidated Traction Co. v. Thalheimer, supra; Wylde v. Northern Ry. Co.*, 53 N. Y. 156; Booth on Street Railways, sec. 345.)

HARRISON, J.—The plaintiff recovered judgment against the defendant for personal injuries alleged to have been sustained by reason of the negligence of the defendant. At the close of the testimony on behalf of the plaintiff, the defendant moved for a nonsuit upon the grounds that the plaintiff had shown no evidence of negligence on the part of the defendant, and that it appeared from the evidence that the plaintiff was himself guilty of contributory negligence. The motion was denied, and testimony was thereupon given on behalf of the defendant, and upon its conclusion the jury rendered its verdict in favor of the plaintiff. The appeal is from the judgment and order denying a new trial. It is not contended that any part of the evidence was improperly received, or that it was insufficient to justify the verdict, but the appellant contends that the court erred in refusing to grant a nonsuit.

At the time the motion for a nonsuit was made evidence had been given to the following effect, viz.: The plaintiff, a man sixty-one years of age, was a passenger upon one of the lines of street railroad operated by the defendant in Los Angeles, and was carried from the corner of Third and Spring streets as far as to the intersection of Sixteenth and Bush streets, where, in rounding the curve of the track at that point, he was thrown from the car to the street and seriously injured. The car in which he was carried was constructed with three sections —an inclosed part, and at each end thereof an open space, with

seats across the car, separated by an aisle between them.    When
the plaintiff got upon the car it was crowded with passengers
occupying all the seats and standing in the aisles and open
spaces, and he took a position in the open portion at the front
of the car, on the left-hand side, between the door and the
outer line of the car, standing with his back against the inclosed
part of the car.    This position he retained until he started to
get off the car.    On the outer line of this side of the car was a
guard rail to prevent people from getting off on that side.
After the car had reached Sixteenth street it ran along that
street at a speed of from ten to twelve miles an hour, some of the
witnesses saying as high as fifteen miles an hour, and continued
at the same rate of speed after the signal to stop had been given,
and while it was rounding the curve, and did not stop until it
had gone about a hundred feet beyond the crossing.    While
the car was going along Sixteenth street, and after it had
passed Constance street, about three hundred feet before reach-
ing Bush street, the plaintiff signaled to the conductor to stop
the car, and the conductor recognized his signal and rang the
bell for the motorman to stop.    Thereupon the plaintiff started
to go across the car to the right-hand side, and had taken two
or three steps for that purpose, and was in the act of reaching
with his left hand—his right hand holding an umbrella and
two parcels—for the hand-rail, when the car came to the curve
at the crossing of the streets, and gave a lurch which threw
the plaintiff into the street.    The plaintiff testified that he had
been accustomed to ride upon that line twice a day for up-
ward of a year prior to this time; that during that time it had
been the custom of the defendant to stop its cars and let passen-
gers off on the Sixteenth street side of the crossing before mak-
ing the curve; that he had got off on that side of the curve as
often as upon the other; and that at the time he was moving
across the car he was getting ready to get off, for the reason
that he expected it to stop on Sixteenth street.

The court properly denied the motion for a nonsuit.    That
the evidence given on behalf of the plaintiff tended to establish
negligence on the part of the defendant is not open to dispute,
and it was for the jury to determine whether it was sufficient
for that purpose.    When the plaintiff showed that the defend-

ant had assumed to carry him as a passenger upon one of its cars, and that while being so carried he had sustained an injury by reason of the manner in which the car was propelled along its track, a *prima facie* case of negligence was established, which in the absence of any other evidence entitled him to a recovery. In *McCurrie v. Southern Pac. Co.*, 122 Cal. 558, we said: "A *prima facie* case is established when the plaintiff shows that he was injured while being carried as a passenger by the defendant, and that the injury was caused by the manner in which the defendant used or directed some agency or instrumentality under its control. The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation which might have been avoided by the exercise of such care. Hence, when it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumentalities employed in his business, there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negligence on its part."

Neither was the court authorized to withdraw from the jury the determination of the issue of contributory negligence on the part of plaintiff. The court could not declare that it was contributory negligence on his part to start to get off from the car before it had come to a full stop. There is no rule of law which requires a passenger in a street-car to retain his seat or other position until the car has actually stopped, and it is a matter of universal observation that thousands every day leave their seats to get off before the car has stopped, without sustaining any injury. (*Nichols v. Sixth Ave. R. R. Co.*, 38 N. Y. 131; 97 Am. Dec. 780; *Whalen v. Consolidated Traction Co.*, 61 N. J. L. 608; *Consolidated Traction Co. v. Thalheimer*, 59 N. J. L. 474.)

The claim of the appellant that the plaintiff's attempt to get off the car while it was rounding the curve was itself a hazardous act from which his injury resulted, rests upon assuming the existence of other facts which could be determined only by the jury. If the plaintiff had the right to expect that the car would stop on the hither side of Bush street, he would not

expose himself to any unusual risk in moving across the car while it was going along Sixteenth street, for the purpose of getting off; and while the speed at which the car was propelled along Sixteenth street might not, of itself, expose him to any risk in moving across the car, such speed would become exceedingly dangerous in rounding the curve at the intersection of the streets, and would, of itself, be evidence of negligence on the part of the defendant.  It needs no argument to show that it would be negligence for the defendant to run its car against and around such a curve at a speed of fifteen or even ten miles an hour, while passengers were standing upon the open part of the car, without warning or protecting them against the danger of being thrown off.

The defendant cannot claim that it was negligence on the part of the plaintiff to stand up while riding, or to ride upon the outer part of the car, after it had assumed to carry him as a passenger, and had not furnished him with any seat upon the inside of the car.   The fact that the plaintiff had certain packages in his right hand, and attempted to take hold of the rail with his left hand, was not necessarily a contributing cause of his injury.   If he was authorized to believe that he could get off before the curve was reached, he would not need either hand to protect himself against any lurch of the car.

The defendant has also excepted to the correctness of two of the instructions given by the court; but we are of the opinion that the court committed no error therein.

The judgment and order are affirmed.

Van Dyke, J., and Garoutte, J., concurred.