WALTER R. HODLER, APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY ET AL., RESPONDENTS.

Submitted June 20, 1913—Decided November 17, 1913.

1. In a suit for damages against traction companies based upon allegations of negligent operation of their passenger car so that the plaintiff was thrown from it and injured, he testified he had voluntarily left his seat inside the car, and had selected a standing position upon its rear platform; there ·was no other occupant of the platform and he stood, while the car was moving rapidly, about two feet from an open door of the platform (opening outwardly from it to the street), with his hands either clasped in front of him or hanging loose by his side; the car was running down grade at a speed (estimated by him) of about thirty-five miles an hour; as the car rounded a curve in the tracks he says he experienced a severe jolt, and very shortly afterwards a second jolt threw him completely from the platform to the street; he made no effort to grasp with his hands the handle of the car near him, or any other support, until after the second jolt and while he was falling, and too late to save himself. It was *held* that these circumstances showed him to have been guilty of negligence which directly contributed to his injury and prevented his recovery in the suit.

2. If it appears that a passenger, who is voluntarily standing upon the rear platform of a trolley car in rapid motion, when a seat inside is open to him to take, incurs additional risk by so doing, either because of the speed of the car or of curves in its tracks, or for any other reason, he is then under a legal duty to use care for his safety commensurate with these additional risks.

On appeal from the Supreme Court.

For the appellant, *Louis Hood* and *William K. Flanagan.*

For the appellees, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

VREDENBURGH, J.   The plaintiff sued the defendant traction companies for compensatory damages suffered by him by his fall from their electric passenger car while it was running from Hackensack to Newark, New Jersey, on the night of December 28th, 1907.

By his declaration he charged that the defendants negligently operated their car so as to cause him to fall from it to the ground, while he was lawfully riding therein.   To this declaration the defendant the Hudson River Traction Company filed a plea of the general issue, and with it also a special plea to the effect that the plaintiff was guilty of negligence which directly contributed to the injuries complained of, in that he, at the time, without reasonable care for his own safety, stood upon the rear outside platform of the said car, notwithstanding there was then plenty of space in the inside of the car which had been provided by the defendants for the occupancy of passengers riding upon said car, wherefore the plea alleges, the plaintiff was injured by reason of his own negligent conduct, and without any fault or negligence of the defendant.   This special plea concluded with a verification. No replication thereto was filed by the plaintiff so far as the record before us discloses.

The parties have, however, without objection proceeded to trial upon the pleadings as they stand, and the evidence has been fully presented as well upon the issue set up under the special plea as upon the other issues between the parties. There have been two jury trials of the cause—the *first* resulted in a verdict in the plaintiff's favor for substantial damages, which was, on rule to show cause, set aside by the Supreme Court upon the ground that the weight of the evidence indicated he had been guilty of contributory negligence; the *second,* which is the trial under review, resulted in a judg-

ment for the defendant, the learned trial judge having, at the close of the evidence, directed a verdict to that effect.

The circumstances of the accident bearing upon the question of the plaintiff's contributory negligence are these:

The plaintiff, who resides in Irvington, New Jersey, became, at about the hour of midnight of the 28th of December, a passenger in defendants' car going to Newark; at Belleville Junction, an intermediate station where the car stopped, he voluntarily left his seat in the interior of the car, and walking to its extreme end took a standing position upon its rear platform; he was alone there, no other person than himself occupying that platform; he stood within about two feet from an open door at his right-hand side; this door opened outwardly from the platform, being folded flat against the forward side of the car; while the evidence is obscure as to which of the two doors (both of which opened out from the platform) was the opening through which the plaintiff fell to the street, it seems probable that it was the door at his right hand and nearest to him.. The other door seems to have remained closed. He thus describes in his testimony his fall from the car: "I was standing on the rear platform, my back resting against the 'controller,' * * *, the first jolt or jar had a tendency to throw me off my balance, to lose my equilibrium; the second, the greater of the two—of course my losing my balance intensified the second jolt—it threw me completely from the platform. The jolts, or jars, can be attributed to the curve; it is of a peculiar nature. * * * In my efforts to save myself I grasped for the handle of the side of the car, missing it and being in space, it turned me." On his cross-examination upon the point of his failure to attempt to use his hands in order to grasp the handle of the side of the car next to him until after he was *actually* falling down, he answered, "I can't recall; it is very probable I had them *clasped in front of me,* or very probable they *hung loose at my side."*

He had ridden, he says, three nights previous to the accident over this track.

There was uncontroverted proof that the curve in question

was an easy curve. From measurements of its dimensions testified to have been made by the engineer, it was shown to have a radius of four hundred feet—that is to say, if the curve were carried all around it would make a circle whose radius would be four hundred feet, and the engineer (the only expert upon the subject sworn in the case) testified that he considered it to be a very easy curve. These facts, and this opinion, were unquestioned and stand uncontradicted in the case. This admitted failure of the plaintiff while attempting to stand on the rear platform of this car running about thirty-five miles an hour—the speed of an express train—to make use of his hands, or at least of one of them, to prevent himself from losing his footing and falling down, was, under the circumstances stated, I think, the height of carelessness, and provoked the very disaster that befell him.

When the plaintiff chose not to retain a seat inside of the car (which he admitted he could have done, if he had so chosen), but instead, elected to stand and remain standing upon its rear platform when it was moving down grade and around a curve at a speed (according to his estimation) of about thirty-five miles an hour, I think he assumed, in the eye of the law, a risk which required him to exercise care commensurate with such risk—such degree of care as a reasonably prudent person would have exercised under like circumstances.

In *Burr* v. *Pennsylvania Railroad Co.,* 35 *Vroom* 30, it was held by the Supreme Court that if it appears the passenger incurs additional risk of injury by leaving his seat, or if he selected a time for doing so when there is necessarily increased violence in the movement of the car, then he is under a duty to use such care for his safety as a prudent person would under the circumstances, and failure to do so, would charge him with contributory negligence.

It seems hardly called for, in a case of such pronounced contributory negligence as the present, to refer to additional authority, but if any citation be justifiable, it will not be amiss to refer to a recent (1904) decision of this court in a somewhat similar case, where it appeared that the plaintiff

while standing on the rear platform of a moving trolley car failed to hold fast with his hands to the railing of the car, and falling off was injured. In a suit he brought against the trolley company for damages he testified that he stood upon the rear platform of the car holding a tin pail in one hand, and the car railing with the other hand, that then the car took a jolt and that jolt threw him from the platform; by the evidence of the defendant in the case it was shown that before the plaintiff fell he had, in attempting to grasp hold of his hat to prevent the wind blowing it away, released the only hold he had upon the railing of the car. This court, on error brought, reversed the judgment for damages he had obtained against the trolley company, remarking in its opinion that the wonder was not that he fell off the platform of the moving car when he did, but that he retained without the hold of either hand upon the car his precarious footing there for any length of time at all. *Faul* v. *North Jersey Street Railway Co.*, 41 *Vroom* 796, 801.

The conduct of the plaintiff, in the case in hand, in failing to exhibit the natural instincts of self-preservation by any reasonable efforts to save himself from so serious a fall, seems to be almost inexplicable unless we turn to his own testimony on his cross-examination. The plaintiff there admits he had been drinking intoxicating liquors with some boon companions that night before he went upon the car; his friend, and witness, Kavanaugh, corroborated this, stating also that he saw the plaintiff upon the car just previous to the accident, and that he was intoxicated; many other witnesses, who were passengers on the car at the time of the accident, testified, without contradiction, to the same effect.

But it is not necessary to pursue this inquiry further, for, assuming the correctness of the plaintiff's version of the circumstances of the accident, and adopting a construction of the plaintiff's evidence most favorable to his contention, we think it clearly appears that he was guilty of contributory negligence.

After examination of the grounds of the appeal, and of the whole record, we find no error injuriously affecting the

substantial rights of appellant, and the judgment below is, for the reasons stated, affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.