[L. A. No. 3475.    Department Two.—December 7, 1915.]

## W. B. KELLY, Respondent, v. SANTA BARBARA CONSOLIDATED RAILROAD COMPANY, Appellant.

NEGLIGENCE — STREET RAILROADS — OVERCROWDING VEHICLES.—Sections 483, 2102, 2184, and 2185 of the Civil Code, defining the obligations of railroad corporations and common carriers with respect to furnishing seats for passengers and the overcrowding of their vehicles, are, under section 510 of that code, applicable to street railroad companies.

ID.—PASSENGERS STANDING ON STEPS — CONTRIBUTORY NEGLIGENCE.— Where it is customary, during times of congested travel, to allow passengers on street-cars to ride on side steps or on the platforms, there being no vacant seats, in the absence of any warning or objection from the conductor, a passenger injured while so riding is not guilty of contributory negligence.

ID.—RELATIVE DUTIES OF CARRIER AND PASSENGER STANDING ON STEPS.— Under such circumstances, a new contract is created between the passenger and the company. The passenger, in voluntarily taking a position of greater peril, assumes the natural, obvious risks attending such peril. It becomes incumbent upon him, in the exercise of due care, to take greater precautions for his own safety than if he were seated within the body of the car. Upon the other hand, the company, with knowledge of the increased danger of his position, is under obligation to use greater precautions in the operation of the car than would be necessary if all the passengers were seated.

ID.—NEGLIGENCE IN COLLIDING WITH CAR ON ADJOINING TRACK.—A street railroad company is guilty of negligence in operating a car, on the steps of which a passenger was standing, in such a manner as to bring it into collision with a car standing on an adjoining track, where the accident occurred in broad daylight, with no obstruction to the view.

ID.—PLEADING CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF ANSWER— TRIAL ON THEORY THAT ISSUE IS RAISED—APPEAL.—The sufficiency of the answer to set up the defense of contributory negligence will not be considered on appeal, where the answer plainly relied upon that defense, and the case was tried and evidence offered *pro* and *con* upon the theory that contributory negligence was in issue, and both parties asked for instructions upon the question. This is especially so, in the absence of any demurrer to the answer.

ID.—CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY—INSTRUCTIONS.— Under the circumstances of this case, the question whether the plaintiff, in standing on the steps of the street-car and in acting as he did while so standing, was guilty of contributory negligence, was for

the determination of the jury, and it was reversible error, affecting the substantial rights of the defendant, within the meaning of article VI, section 4½, of the constitution, for the court to instruct the jury as matter of law that his conduct did not amount to contributory negligence.

APPEAL from a judgment of the Superior Court of the County of Santa Barbara, and from an order refusing a new trial. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

William G. Griffith, and H. H. Trowbridge, for Appellant.

B. F. Thomas, and Martin H. Buck, for Respondent.

HENSHAW, J.—Plaintiff sued for and recovered damages for injuries sustained by him while a passenger upon an electric street-car of defendant company. From the judgment and from the order denying its motion for a new trial defendant appeals. The principal points urged upon this appeal are the asserted errors in the instructions given by the court. For the proper consideration of these points a brief presentation of the evidentiary facts becomes necessary.

Upon the Fourth of July plaintiff, desiring to attend the festivities to be held at Oak Park, took passage upon a crowded car of defendant. The seats and platforms were filled, passengers were standing on the steps, and he himself was obliged to take position upon the lowest step of the left-hand forward end of the car. His fare was tendered and received. After proceeding a short distance the car turned on to a switch or sidetrack to pass around other cars standing upon the main track. One car was so standing on the main track near the place where the car upon which plaintiff had taken passage would come back on to the main line. This other car was of different construction, containing two running boards or steps projecting beyond the body of the car; whereas only the bottom step—the step upon which plaintiff was standing—projected beyond the body of that car. As the car upon which plaintiff was riding drew near the stationary car the steps of the latter swept him off his feet and he was severely crushed between the bodies of the two cars. As matter of contributory negligence, defendant offered evidence to prove that, con-

ceding the negligent operation of the car, plaintiff nevertheless himself failed to exercise the due care required by one in his position to avoid injury. Another man stood with him upon this lower step. This other man, as the cars drew near, stepped to the first or higher step (which was a place of safety, as it did not project beyond the body of the car), and from there on to the platform. It is argued that plaintiff could and should have done the same, or could and should at least have taken the place upon the upper step vacated by the passenger who stepped from that to the platform. Again, there is evidence to show that just before the accident there was time and space for the plaintiff to have stepped off the car on to the ground, and that had he done so, he would have been uninjured; that he could have stepped across to the interlocking car and so have escaped injury; that any one of these three methods of avoiding injury was open to him, and that in the exercise of due care it was his duty to have availed himself of some one of the three. Plaintiff's evidence was that he observed the nearness of the approach of the two cars; that the step above him was crowded, and that he made an effort to avoid injury by striving to get upon the upper step, but was unable to do so.

The court instructed the jury as follows:

"20. Every street railroad corporation must furnish on the inside of its passenger cars sufficient room and accommodations for all passengers who pay their fare or buy tickets.

"21. A carrier of persons for reward must not overcrowd or overload his vehicle and must give to passengers all such accommodations as are usual and reasonable.

"22. A carrier of persons should not allow so many passengers upon its cars as to overcrowd them, and if unable to prevent overcrowding, the carrier has a right to refuse to move its cars under such circumstances, but if a carrier does not adopt such course and undertakes to transport all of the passengers that were on board its cars, whether within the cars or on its platform, it is under additional care, commensurate with perils or dangers surrounding the passengers by reason of overcrowded condition of its cars."

These instructions declared with fairness the law of this state governing the conduct of common carriers of passengers as expressed by the Civil Code, sections 483, 2102, 2184 and 2185. These sections, while for the most part having direct

reference to "railroad corporations," by section 510 of the Civil Code govern the duties of street railroad companies "where applicable," and it cannot be successfully argued that they are not applicable to such companies. (*Boyd* v. *Heron,* 125 Cal. 454, [58 Pac. 64]; *Patterson* v. *San Francisco etc. Ry.,* 147 Cal. 182, [81 Pac. 531]; *Kline* v. *Santa Barbara etc. Ry. Co.,* 150 Cal. 741, [90 Pac. 125]; *Cary* v. *Los Angeles Ry. Co.,* 157 Cal. 599, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682].) The real objection to these instructions, however, is that the facts in the case did not call for their giving, and that they therefore could serve only to mislead the jury; that the charge of negligence laid against the defendant was not based on its failure to give plaintiff a seat, but was based upon its negligent operation of the car while he, as a passenger, was standing upon a step of it; that there was no direct causal connection between the injury complained of and the negligent failure to furnish plaintiff a seat or standing room on the platform. (*Cary* v. *Los Angeles Ry. Co.,* 157 Cal. 599, [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682].) Within certain limits this complaint is well founded, but defendant's just grievance in this regard would not, standing alone, warrant a reversal of the case. A new contract and relationship spring up between the street railroad company and a passenger under circumstances such as are here shown. The congested travel upon street and interurban railways at certain hours of the day and upon holidays, upon the one hand, makes it difficult, if not impossible, for the common carrier to provide suitable accommodations for every passenger who desires to ride, and, upon the other hand, compels many of the traveling public to make their journeys under strained conditions or forego them altogether. As Mr. Beach expresses it in his Contributory Negligence, second edition, section 293: "It is not negligent to take a car upon which there is no place to ride except the platform, and having taken such car, it is not negligent to remain upon it, and to ride upon the platform, or, to express the same rule in another way, it is not negligent to ride upon the platform from necessity, when the alternative is to ride there or get off the car. Where it is customary in a busy season to allow passengers on street-cars to ride on side steps or an open car, there being no vacant seats, in the absence of any warning or objection from the conductor, a passenger injured while

so riding is not guilty of contributory negligence, though he was a cripple.'' And this doctrine as laid down by Mr. Beach is so overwhelmingly supported by the decisions, that it would but burden this opinion here to cite them.

The result is that under such circumstances, as has been said, a new contract springs into existence between the passenger and the company. The passenger in voluntarily taking a position of greater peril assumes the natural, obvious risks attending such peril. Manifestly, upon the steps or running-board of a car his position is not so safe as though he were seated within the body of the car. It becomes incumbent upon him, therefore, in the exercise of the due care which the law always exacts, to take greater precautions for his own safety than if he were so seated. Upon the other hand, the company in accepting the passenger's fare, with knowledge of the increased danger of his position, is under obligation to use greater precautions in the operation of the car for the protection of such passengers than would be necessary if all were seated. Thus, for example—and it is a practical one—there are certain curves in street-car tracks which the cars take at a rate of speed not at all dangerous to seated passengers, but which would be quite perilous to unwarned passengers standing upon the steps. It would be clear negligence for the operators of a car to drive it around such a curve without warning to the standing passengers at the same rate of speed that would not be negligent if every passenger was seated. Such clearly being the law, the instructions complained of might have served to mislead the jury into believing that in the particular case the gravamen of the charge of negligence was that defendant did not give plaintiff a seat or standing-room upon the platform. Plaintiff, however, waived whatever right he had to such accommodations by voluntarily taking his position upon the step and paying his fare for passage. He agreed with the company that as matter of self-preservation he would take such reasonable care of himself as his position of added peril demanded, and the company in turn agreed with him that it would so operate its car as not to expose him to any greater peril than his position necessarily imposed. That the evidence established a failure of the company to perform that duty is so overwhelming as not even to be in dispute. It brought the car upon which plaintiff was thus standing into

a collision with another of its cars, standing still, in broad daylight, without the slightest obstruction to view, and so inflicted the injuries complained of.

But there was still left for the jury to determine whether the plaintiff was conducting himself with due care at the time he received the injury. Or, in other words, whether his heedlessness and failure to exercise due care while thus standing in a position of peril was contributory negligence such as to bar his right of recovery. We have heretofore outlined what that evidence is. Upon it, however, the court instructed the jury as follows:

"23. I charge you, as matter of law, that standing on the steps of a street-car propelled by electricity is not contributory negligence and the more especially so if such street-car is so overcrowded that the street-car company cannot furnish such passenger a seat on the inside of the car, or standing room, and a passenger so standing on the steps of a street-car moved by electricity, would not relieve the owner of the car from the exercise of reasonable care to avoid injury, and whether such reasonable care was exercised while the passenger is in such position, under the circumstances of the case, is one of fact for the jury.

"27. It is not contributory negligence for a passenger to stand on the outer part of a street-car, when the conductor on the car has accepted such passenger's fare, but has not furnished such passenger a seat in the car."

Elsewhere, the court instructed the jury as follows:

"24. When a street-car in charge of employees of the company owning the car is permitted by such agents or employees to become so overcrowded that seats cannot be furnished to a passenger, who has paid his fare, inside the car, and the passenger cannot obtain standing room in the car, it is not negligence, nor contributory negligence, for a passenger to stand on the steps of the street-car, and if he does for such reasons stand upon the steps of a street-car, and an accident occurs in which he is injured, the owners of the street-car will not be relieved from the exercise of reasonable care to avoid injury; and whether such reasonable care was exercised while the passenger was in such position is one of fact to be determined by the jury.

"31. You are instructed that if you believe from the evidence that the plaintiff failed to exercise ordinary care in

taking or retaining his position on the lower step of the car on which he was riding, and that he was guilty of negligence in that respect, and that such negligence contributed proximately to the injuries sustained by him, then your verdict must be for the defendant, even though you may believe from the evidence that the defendant was guilty of negligence in operating its cars.''

Over the giving of instructions 23 and 27, twofold complaint is made that they misstate the law and that they violate the constitution in charging the jury upon a question of fact; that the instructions are equivalent to telling the jury that the plaintiff was not guilty of contributory negligence in standing as he did and conducting himself as he did while standing upon the steps of the car; that instruction 31 fairly states the law to the effect that it was for the jury to determine whether plaintiff while so standing failed to take reasonable care and precaution for his own safety, and, if he did not, was guilty of contributory negligence; but the result is an irreconcilable conflict between the instructions, working serious invasion of defendant's right to a verdict from an impartially instructed jury. Respondent makes answer to this in many ways. Thus, he argues that the error, if error, is immaterial, as the question of contributory negligence, because of its faulty pleading in the answer, was, under the rule declared in such cases as *Smith* v. *Buttner*, 90 Cal. 95, [27 Pac. 29]; *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 144, [34 Pac. 618, 36 Pac. 407], and *Crabbe* v. *Mammoth Channel etc. Co.*, 168 Cal. 500, [143 Pac. 744], not before the court. But however imperfect the answer may be in its failure to allege the facts constituting the asserted contributory negligence, nevertheless the answer plainly relied upon contributory negligence. The case was tried and evidence was offered *pro* and *con* upon the theory that contributory negligence was in issue; both parties asked for instructions to the jury upon the question, and we will not here, especially in absence of any demurrer to the answer for such imperfection, consider the question. (*Weidenmuller* v. *Stearns Rancho Co.*, 128 Cal. 623, [61 Pac. 374]; *McDougald* v. *Hulet*, 132 Cal. 154, [64 Pac. 278]; *Willey* v. *Crocker-Woolworth Nat. Bank*, 141 Cal. 508, [75 Pac. 106].)

Further, respondent argues that evidence of contributory negligence is so totally lacking that (a) the error, if error,

was without injury, and (b) that the evidence being thus undisputed and without conflict, a simple legal question was presented to the court upon which it was authorized to instruct the jury. Respondent here seeks to draw a parallel between this case and the familiar cases where the admitted conduct of a party is by law or by long course of judicial decision declared to be negligent *per se.* But enough has been said above to show that there was at least a sharp conflict of evidence upon the question of the conduct of the plaintiff in taking reasonable care for his own safety. Finally, respondent argues that the instructions complained of are sound in point of law, and cites and quotes from such cases as *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173, [60 Pac. 780], where this court says: "The defendant cannot claim that it was negligence on the part of the plaintiff to stand up while riding, or to ride upon the outer part of the car after it had assumed to carry plaintiff as a passenger and had not furnished him with a seat upon the inside of the car." And in *Graham* v. *Manhattan Ry. Co.,* 149 N. Y. 336, [43 N. E. 917], where it is said: "The cases tend to sustain the doctrine that the plaintiff by boarding defendant's train, although the car and platform were crowded, was not, as a matter of law, guilty of contributory negligence." But these and all such cases merely declare that the act of stepping or standing upon the step or platform is not negligence *per se* such as to bar a recovery. If a plaintiff shall admit that he essayed a railroad crossing without either stopping or looking or listening, he has established against himself negligence *per se,* barring absolutely his right of recovery. All that any court has said is that the mere fact that a passenger steps and stands on a step or platform is not conclusive negligence in law. What further do these declarations mean? They mean that in all such cases the question of the stepping and the standing and the conduct of the plaintiff while so stepping and so standing is to be considered by the jury, who are to determine the fact whether or not he was guilty of contributory negligence in so doing. When these cases come before courts of appeal they are usually asked to say that a given state of facts constitutes negligence *per se*—negligence which in law bars a recovery. These courts are not discussing the matter before a jury. They are discussing the *pros* and *cons* of legal propositions,

and with great unanimity they declare that the question whether or not the plaintiff was negligent is one for the jury, and that it cannot be declared as matter of law that his conduct was or was not negligent. (*Bumbear* v. *United Traction Co.,* 198 Pa. 198, [47 Atl. 961]; *Anderson* v. *City Ry. Co.,* 42 Or. 505, [71 Pac. 659]; *Ward* v. *International Ry. Co.,* 206 N. Y. 83, [Ann. Cas. 1914A, 1170, 99 N. E. 262]; *Henderson* v. *Nassau Ry. Co.,* 46 App. Div. 280, [61 N. Y. Supp. 690]; *Cattano* v. *Metropolitan St. Ry. Co.,* 173 N. Y. 565, [66 N. E. 563]; *Ginna* v. *Second Ave. R. R. Co.,* 67 N. Y. 596; *Holloway* v. *Pasadena etc. Ry. Co.,* 130 Cal. 177, [62 Pac. 478]; *Seller* v. *Market St. Ry. Co.,* 139 Cal. 269, [72 Pac. 1006]; *Kimic* v. *San Jose etc. Ry. Co.,* 156 Cal. 379, [104 Pac. 986]; *Hoff* v. *Los Angeles Pac. Ry. Co.,* 158 Cal. 596, [112 Pac. 53].) But what was the jury told by the instructions complained of? Not that they should determine from all the facts and circumstances in evidence whether the plaintiff was guilty of contributory negligence in doing as he did. but they were charged, as matter of law, that the plaintiff was not guilty of contributory negligence in doing as he did.

Finally, respondent invokes section 475, Code of Civil Procedure, and section 4½, article VI, of the constitution, whereby courts are commanded to disregard any "instruction . . . which, in the opinion of said court, does not affect the substantial rights of the parties." But clearly this error vitally affects appellant's substantial rights, and neither the provision of the constitution nor of the statute can be successfully invoked.

Wherefore the judgment and order are reversed and the cause remanded.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.