[S. F. No. 7338.  In Bank.—April 16, 1918.]

# WARREN GRAFF, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

NEGLIGENCE — STREET RAILROADS — INJURY TO PASSENGER RIDING ON PLATFORM—RES IPSA LOQUITUR—MISLEADING STATEMENT OF RULE OF LAW.—The statement that "the rule of law is that where an injured passenger is riding in an unusual position, which position increases his danger, the doctrine of *res ipsa loquitur* does not apply, and no presumption arises that resulting injury was due to the negligence of the carrier," is misleading, it being obvious that the proof may show that the passenger was riding in an unusual position which increased his danger, and may also show that the injury arose from something done by the carrier in operating the car, in which case a *prima facie* case of negligence is made, and the burden is cast on the carrier to show that the thing done by it which caused the injury was not the result of its negligence.

ID.—INJURY FROM MANNER OF OPERATING CAR OR FROM PLAINTIFF'S CARELESSNESS—QUESTION FOR JURY.—Where there is a dispute over the question whether an injury to a passenger arose from the manner of operating the car or from plaintiff's carelessness in standing too near the edge of the car platform, the question as to which was the cause of the injury should be left to the jury.

ID.—PLAINTIFF'S OPPORTUNITY TO SECURE SAFETY — CONFLICTING EVIDENCE.—In an action for injury to a passenger on a street railway car who was thrown from the platform of the car on which he was riding while rounding a curve, where it was claimed by the defendant that the plaintiff was guilty of contributory negligence in not entering the body of the car when the opportunity offered, and there was evidence on behalf of the defendant to show that such opportunity did present itself, but evidence for the plaintiff went to show that every seat in the body of the car was occupied, that passengers were crowded in the aisle, and several were standing on the platform where the plaintiff was, the determination of those disputed facts, under the circumstances, was for the jury.

ID.—STANDING ON PLATFORM NOT NEGLIGENCE PER SE.—Standing on the front platform of a moving electric car is not, in this state, negligence *per se.*

ID.—ASSUMPTION BY PASSENGER OF RISK—INSTRUCTION PROPERLY REFUSED.—The trial court was justified in refusing an instruction requested in such case by the defendant to the effect that if the plaintiff, for his own convenience, was riding on the platform and was thus exposed to dangers which he would not have incurred within the car, and if he could have entered the car a reasonable time before the

accident and remained inside until the accident, he assumed responsibility for the increased risks, and if he was injured solely in consequence of such increased risks, the verdict must be for the defendant, since the requested instruction charged the plaintiff with the assumption of all increased risks, whereas the only increased risks he assumed were those occasioned by his position, and *arising from the due operation of the car;* he did not assume the increased risks of any misconduct of the motorman in such operation.

ID.—SUDDEN SWAYING OR JERK OF CAR—INSTRUCTION REFUSED.—A requested instruction, in such case, that if the plaintiff was thrown from the car by any swaying motion or sudden jerk, ordinarily incident to the running of cars, the verdict should be for the defendant, was also properly refused, since it implied that the plaintiff assumed the risk of such a jerk, even if it arose from the reckless operation of the car by the motorman, who had knowledge of the plaintiff's presence on the platform.

ID.—CONTRIBUTORY NEGLIGENCE—ERRONEOUS INSTRUCTION.—An instruction that, in effect, told the jury that as matter of law, notwithstanding the passenger's place of added peril on the platform, which the plaintiff had voluntarily assumed, a legal presumption of negligence arose against the defendant by virtue of the fact that the plaintiff sustained injury, was erroneous.

ID.—INSTRUCTIONS—GENERAL APPROVAL OF.—The supreme court's approval generally of instructions is not a specific approval of an instruction not criticised.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon, and Kingsly Cannon, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

SHAW, J.—In the decision of this case in Department the judgment was reversed because of the instruction which appears in the latter part of the opinion upon the subject of the presumption arising from an injury to a passenger while on board a railroad car. In commenting upon this instruction the opinion contained the following: "The rule of law is that where an injured passenger is riding in an unusual position, which position increases his danger, the doctrine of *res*

*ipsa loquitur* does not apply and no presumption arises that resulting injury was due to the negligence of the carrier.'' The rehearing was granted because it was considered that this statement might be misleading. The concluding sentence of the opinion is also misleading. It is obvious that the proof may show that the passenger was riding in an unusual position which increased his danger, and may also show that the injury arose from something done by the carrier in operating the car. In such a case a *prima facie* case of negligence is made, and the burden rests upon the carrier to show that the thing done by it which caused the injury was not the result of its negligence. The true rule on the subject is stated in the Steele case, cited in the opinion, and in *Wyatt* v. *Pacific etc. R. Co.*, 156 Cal. 174, [103 Pac. 892].

It is true that this instruction has been approved in a number of cases decided by this court, but it will be found that in each case there was no dispute over the proposition that the injury arose from the manner of operating the car. When that is the case the instruction, although it does not fully state the doctrine, is correct when applied to such a case, and the court would not reverse the judgment because of the failure to give the modifications which might be necessary if the evidence were of a different character. In the present case there was a dispute over the question whether the injury arose from the manner of operating the car, or from the plaintiff's carelessness in standing too near the side thereof, and the question as to which was the cause of the injury should have been left to the jury instead of being taken from them by the absolute character of the instruction given.

With this explanation of the concluding sentence, and the passage above quoted and the authorities cited in support of it eliminated, we adhere to the opinion rendered in Department. It is as follows:

"Plaintiff charged that while a passenger upon an electric car of the defendant and riding on the front platform thereof the motorman propelled the car around a curve at a greatly excessive speed causing him, the plaintiff, to be thrown violently from the car to the ground, the car passing over both of his legs, necessitating amputation of both. Defendant answered by denial and affirmatively charged that the injuries sustained by plaintiff were due to his own negligence. The jury rendered a verdict for plaintiff. On defendant's motion

for a new trial the court reduced the verdict and plaintiff accepted the reduction. The motion for a new trial was then denied and defendant appeals from the judgment and order so doing.

"Defendant's first contention is that plaintiff's own evidence establishes his contributory negligence beyond a doubt, and that the court erred in refusing to instruct the jury to return its verdict in favor of defendant. Plaintiff, it appears, was familiar with the tracks over which he was traveling and with the curves thereon. He was on the front platform of the car near an open door on the right-hand side of the car which permitted the ingress and egress of passengers. He was in conversation with a friend. He turned his head slightly to speak to this friend when the car took the curve and hurled him through the open door. He was standing next to another door opening into the body of the car and so far as he remembered, though his memory was not good, he was not leaning against it nor holding to anything. He was accustomed to ride on electric cars and on the cars of that particular line, and was standing balancing himself. The evidence was conflicting as to the speed with which the car took the curve. · It will be assumed that the jury believed that it was at an undue speed and that the motorman was guilty of negligence in view of the fact that to his knowledge passengers were standing on the front platform. Though witnesses for the plaintiff testified that plaintiff was, or apparently was, holding on to the iron gate or a handrail of the car and that he also was leaning with his back against the door, it is said that, by virtue of plaintiff's own testimony, this evidence is not sufficient to raise a conflict. We think, however, that it is, and that we are, bound to assume that the jury concluded that the plaintiff was doing both of these things, and this is so because it is a part of common experience that a man who has received so tremendous a shock as that which this plaintiff sustained, frequently comes through his injuries with no clear memory of the accident itself or the events that occurred immediately antecedent thereto. This truth is one of common knowledge and is universally recognized in the medical books. Plaintiff's own testimony in this regard is, 'at the present time since this accident my memory is pretty bad.'

"It is said that it was plaintiff's duty, even if obliged to stand temporarily on the front platform, to enter the body of the car and thus make his position safe when opportunity presented itself so to do; that such opportunity did present itself and plaintiff was guilty of contributory negligence in not making use of the opportunity. Upon the question of the condition of the car, however, the evidence is in dispute, that of the plaintiff going to show that in the body of the car every seat was occupied, that passengers were crowded in the aisle and six or seven more were standing on the platform where he was. Under these circumstances, again, the determination of these disputed facts is for the jury.

"Authorities are cited by appellant declaring that the mere presence of a passenger upon an electric car on the platform when there is space for him within the body of the car is conclusive upon the contributory negligence of the plaintiff, and to this effect it is contended are *Hodler* v. *Public Service Ry. Co.*, 85 N. J. L. 346, [88 Atl. 1071], and *Ward* v. *International R. Co.*, 206 N. Y. 83, [Ann. Cas. 1914A, 1170, 99 N. E. 262], but whatever may be the rule in these jurisdictions, such is not the rule in this state nor in the majority of states, nor yet do we conceive it to be the rule independently of statute in the state of New York, for it is said in *Nolan* v. *Brooklyn City etc. Ry.*, 87 N. Y. 63, [41 Am. Rep. 345], 'The rule is settled that independent of the mandate of the statute . . . it is not, even in the case of steam cars, negligence *per se* for a passenger to stand on the front platform of a moving car.' (*Kelly* v. *Santa Barbara etc. R. R. Co.*, 171 Cal. 415, 423, [Ann. Cas. 1917C, 67, 153 Pac. 903]; *Pruitt* v. *San Pedro etc. R. R. Co.*, 161 Cal. 29, [36 L. R. A. (N. S.) 331, 118 Pac. 223]; *Holloway* v. *Pasadena etc. Ry. Co.*, 130 Cal. 177, [62 Pac. 478]; *Babcock* v. *Los Angeles Traction Co.*, 128 Cal. 173, [60 Pac. 780]; *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268, [72 Pac. 1006]; *Lynn* v. *Southern Pac. Co.*, 103 Cal. 7, [24 L. R. A. 710, 36 Pac. 1018];. 6 Cyc. 653; 3 Thompson on Negligence, sec. 2954.) The defendant proffered and the court refused to give the following instructions:

"(1) 'If the plaintiff voluntarily and for his own convenience was riding on the platform of the car at the time and place in question, and was thus exposed to dangers which he would not have encountered had he entered and remained within the car, and that he could have entered the car a rea-

sonable time before the accident and remained therein until the time of the accident; I instruct you that the plaintiff assumed responsibility for the increased risks, if any, which he thus voluntarily exposed himself to, and if he was injured solely in consequence of such increased risk, I instruct you that he cannot recover, and your verdict must be in favor of the defendant.'

"(2) 'If you find that the plaintiff was thrown from the car either by any swaying motion or any sudden jerk, and that such motion or jerk is ordinarily incident to the running of cars, under the circumstances of this case, you are instructed that your verdict must be in favor of the defendant.'

"It was justified in so doing, for both of these instructions contain a declaration not warranted in law. By the first the jury would have been told that the plaintiff 'assumed responsibility for the increased risks' occasioned by his presence on the platform, and 'if he was injured solely in consequence of such increased risk,' he could not recover. Something of what has heretofore been said points out the error in law here declared. Specifically, the vice of the instruction is that it charges the plaintiff with the assumption of all increased risks, whereas, the only increased risks which he assumed were those occasioned by his position and arising from the due operation of the car by the motorman who had knowledge of that position. He did not assume the increased risks of any misconduct upon the part of the motorman in such operation. The specific legal flaw of the second instruction justifying its refusal is that it charges the jury that plaintiff assumed the responsibility of injury from any 'sudden jerk ordinarily incident to the running of cars under the circumstances of this case,' and here again is the implication, if not the statement, that the plaintiff assumed the risk of such a jerk even if it arose from the reckless operation of the car by the motorman who had knowledge of his presence on the platform. Making reference to the discussion of this question in *Kelly* v. *Santa Barbara etc. R. R. Co.*, 171 Cal. 415, [Ann. Cas. 1917C, 67, 153 Pac. 903], nothing further need here be added.

"Finally, the court instructed the jury in the following language:

"'Contributory negligence on the part of a passenger cannot be presumed from the mere fact of injury, but must be proved. On the other hand, the proof of an injury to a pas-

senger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent, or by the contributory negligence of the passenger, unless the proof on the part of the passenger tends to show that the injury was occasioned by the contributory negligence of the passenger, or by inevitable casualty, or some other cause, which human care and foresight could not prevent. A consideration of *Steele* v. *Pacific Elec. Ry. Co.*, 168 Cal. 375, [143 Pac. 718], will establish the inapplicability and the injury of this instruction. . . . *Froeming* v. *Stockton Elec. R. R. Co.*, 171 Cal. 401, [Ann. Cas. 1918B, 408, 153 Pac. 712], is relied on by respondent as authority for the giving of this instruction under these circumstances. It is true that this instruction was there given. It is also true that this court declared that the jury was ably and painstakingly instructed, but no objection was made to the giving of this instruction, and under familiar principles the court's general approval of the instructions was not a specific approval of an instruction not criticised. The injury worked by this instruction is most apparent. It directed the jury in its deliberations by telling them that as matter of law, notwithstanding the place of added peril which the plaintiff had voluntarily assumed, a legal presumption of negligence arose against the defendant by virtue of the fact that he sustained injury.''

The judgment and order appealed from are reversed.

Sloss, J., Wilbur, J., Richards, J., *pro tem.*, Melvin, J., and Angellotti, C. J., concurred.